United States Court of Appeals,

Fifth Circuit.

No. 94-10199

Summary Calendar.

Theodore SHANBAUM, Plaintiff-Appellant,

v.

UNITED STATES of America and the Pension Benefit Guaranty
Corporation, Defendants-Appellees.

Sept. 16, 1994.

Appeal from the United States District Court for the Northern
District of Texas.

Before GARWOOD, HIGGINBOTHAM and DAVIS, Circuit Judges.

PER CURIAM:

Theodore Shanbaum appeals the district court's dismissal of
his suit against both the United States and the Pension Benefit
Guaranty Corporation ("PBGC"). We affirm the decision of the lower
court.

I.

Theodore Shanbaum is a beneficiary of the Lee Optical and
Associated Companies Pension Plan (the "Plan"), a qualified pension
plan under the Employment Retirement Income Security Act ("ERISA").
Shanbaum retired in 1978 and began receiving pension benefits. In
1991, the Plan was terminated and PBGC was appointed trustee of the
Plan.[1] On June 24, 1991 the Plan's prior trustee notified Shanbaum

---

[1]PBGC is a wholly-owned United States government corporation
established under ERISA to administer the mandatory pension plan
termination insurance program in Title IV. Under the insurance
program, PBGC guarantees the payment to participants of certain
pension benefits described in and limited by 29 U.S.C. § 1322 in

1

that his pension would be reduced to the Title IV guaranteed amount. Shanbaum began receiving an estimated monthly pension benefit of approximately $734.00 from the PBGC, pending an initial determination of his guaranteed benefit. Plaintiff has not yet received his initial benefit determination from PBGC.

On October 17, 1992, the Internal Revenue Service ("IRS") levied upon Shanbaum's pension benefits in order to collect his unpaid income taxes for tax years 1974 through 1982, excluding 1979. The levy was served on State Street Bank of Massachusetts, the PBGC's paying agent. Since the levy, Shanbaum has not received any of his monthly pension benefits because they are being paid to the IRS.

Shanbaum filed suit against the United States seeking damages and declaratory relief on the grounds that the IRS levy violated ERISA. Shanbaum also filed a claim against PBGC alleging that PBGC paid him less than the full amount of his guaranteed pension benefit under the Plan and that PBGC improperly honored the IRS notice of levy.

PBGC moved to dismiss Shanbaum's complaint, and the district court granted the motion on the grounds that Shanbaum had not exhausted his administrative remedies regarding the amount of his guaranteed benefit. *See* 29 C.F.R. § 2606.7 ("[A] person aggrieved by an initial determination of the PBGC ... has not exhausted his

---

the event a covered pension plan terminates with insufficient assets to pay for those benefits. If a covered pension plan terminates without sufficient funds to pay benefits, PBGC generally becomes trustee of the plan under 29 U.S.C. § 1342(c).

2

or her administrative remedies until he or she has filed a request for reconsideration ... or an appeal ... and a decision granting or denying the relief requested has been issued."). Shanbaum has not appealed this issue. Issues not raised by the appellant are normally not considered on appeal, and, in any event, the district court's ruling on this issue was correct.

In its order dismissing Shanbaum's cause against PBGC, the lower court did not address the merits of Shanbaum's claim that PBGC breached its fiduciary duty to protect Plan assets from levy by the IRS. However, since this Court reviews de novo a dismissal of a complaint for lack of subject matter jurisdiction or for failure to state a claim upon which relief may be granted, *Bradley v. Barnes,* 989 F.2d 802, 804 (5th Cir.1993); *Fernandez-Montes v. Allied Pilots Ass'n,* 987 F.2d 278, 284 (5th Cir.1993), we may consider whether Shanbaum's substantive claim also supports the lower court's dismissal.

The Government moved to dismiss, or alternatively for summary judgment, contending that the court lacked subject matter jurisdiction because the Government had not waived sovereign immunity for the action. Additionally, the Government asserted that the facts alleged by the taxpayer did not state a claim upon which relief could be granted. Shanbaum also filed a motion for summary judgment claiming that the United States had waived sovereign immunity pursuant to 29 U.S.C. § 1132, 28 U.S.C. §§ 1331, 1340 and 1346, and section 7426 of the Internal Revenue Code. The district court found no waiver of sovereign immunity and granted

3

the Government's motion to dismiss.

                                II.

We initially turn to Shanbaum's claim against the United States.  The district court was correct in holding that Shanbaum is barred from bringing suit because the Government has not waived sovereign immunity.

The United States may not be sued except to the extent it has consented to such by statute.  *United States v. Testan,* 424 U.S. 392, 399, 96 S.Ct. 948, 953-54, 47 L.Ed.2d 114 (1976); *Smith v. Booth,* 823 F.2d 94, 96 (5th Cir.1987).  A waiver of sovereign immunity cannot be implied, but must be unequivocally expressed. *United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 1351-52, 63 L.Ed.2d 607 (1980).

Shanbaum's reliance on 29 U.S.C. § 1132 is misplaced. Although this section gives plan participants the right to bring civil actions to redress violations of ERISA, this section does not provide a waiver of sovereign immunity which would permit the suit to be brought against the United States.[2]  Similarly, 28 U.S.C. § 1331 is a general jurisdiction statute and does not provide a general waiver of sovereign immunity. *Voluntary Purchasing Groups, Inc. v. Reilly,* 889 F.2d 1380, 1385 (5th Cir.1989).

Shanbaum's assertion that 28 U.S.C. § 1346 provides a waiver of sovereign immunity is also without merit.  Section 1346 is a general jurisdiction statute that does not constitute a separate

---

[2]The only waiver of sovereign immunity found in 29 U.S.C. § 1132 is found in § 1132(k), allowing specific actions against the Secretary of Labor of which this action clearly is not one.

4

waiver of sovereign immunity. *Standard Acceptance Co. v. United States,* 342 F.Supp. 45, 47 (N.D.Ill.1972). Section 1346 operates in conjunction with 26 U.S.C. § 7422 to provide a waiver of sovereign immunity in tax refund suits only when the taxpayer has fully paid the tax and filed an administrative claim for a refund. Neither of these jurisdictional prerequisites to a refund suit has been met in the instant case.

Finally, 26 U.S.C. § 7426 does not support Shanbaum's contention that the government waived sovereign immunity. Section 7426 expressly provides that only a person other than the taxpayer (the person against whom is assessed the tax out of which the levy arose) who has an interest in or lien on the property at issue may bring a civil action for wrongful levy of the property. Shanbaum argues that he is only a nominal plaintiff bringing suit on behalf of the Plan, and he characterizes the property at issue as the Plan's assets rather than his pension benefits. His position is without merit. The IRS did not levy on Plan assets; the levy was served on PBGC's paying agent to collect taxpayer's monthly pension benefits as they become due. Shanbaum, the taxpayer, instituted this suit specifically requesting to recover the loss of the benefits.

Even if Shanbaum could overcome the jurisdictional issue, he would still not prevail against the Government on the merits because his underlying claim is based solely on the erroneous contention that the IRS levy violated ERISA. In order for a pension plan to be qualified under ERISA, it must state that

5

"benefits provided under the plan may not be assigned or alienated." 29 U.S.C. § 1056(d)(1). Shanbaum's pension plan complied with this requirement. On the basis of this non-alienation provision, Shanbaum attempts to argue that his pension benefits are exempt from levy by the IRS.

Section 6321 of the Internal Revenue Code creates a lien for unpaid taxes in favor of the United States upon all property and rights to the property of the taxpayer. Under section 6331, the IRS is authorized to levy upon all property and rights to property belonging to the taxpayer in order to collect his assessed income tax liabilities. *See generally United States v. National Bank of Commerce,* 472 U.S. 713, 105 S.Ct. 2919, 86 L.Ed.2d 565 (1985). Section 6334, which specifically exempts certain property from levy, does not exempt pension plan benefits from collection.[3] Moreover, section 6334(c) provides the following:

> Notwithstanding any other law of the United States (including section 207 of the Social Security Act), no property or rights to property shall be exempt from levy other than the property specifically made exempt by subsection (a).

ERISA also provides that it shall not be "construed to alter, amend, modify, invalidate, impair, or supersede any law of the United States ... or any rule or regulation issued under any such law." 29 U.S.C. § 1144(d). Reading the unambiguous language of Internal Revenue Code section 6334(c) with the mandate contained in section 1144(d) of ERISA, Shanbaum's argument that the IRS levy authority yields to the later enacted non-alienation provision is

---

[3]Section 6334(a)(6) exempts certain pension rights, but the pension benefits at issue in this case are not among them.

6

without merit.[4]

## III.

The lower court's dismissal of Shanbaum's suit against PBGC may also be upheld on the basis that PBGC did not breach any fiduciary duty to Shanbaum or to the Plan. Shanbaum contends that PBGC breached its fiduciary duty by not contesting the "wrongful and illegal levy." This contention fails because, as shown above, the IRS levy on Shanbaum's pension benefits was not wrongful or illegal. *See Quinn v. IRS,* 84-1 U.S. Tax Cas. (CCH) ¶ 9337, 1984 WL 25 (E.D.La.1984) (holding trustees of employee welfare plan have no standing under § 7426 to attack IRS levies against benefits to employee-participants under the plan and any person who complies with a levy is discharged from liability to the delinquent taxpayer).

## IV.

Since Shanbaum's suit against the United States is barred under the doctrine of sovereign immunity and since the IRS levy was

---

[4]Indeed, the applicable Treasury Regulation provides that pension benefits are not protected from federal tax levies. 26 C.F.R. § 1.402(a)-13(b)(2)(ii) (plan provisions satisfying the requirements of the general rule against assignment and alienation of benefits do not preclude enforcement of a federal tax levy made pursuant to section 6331). Other courts have come to the same conclusion. *See In re Raihl,* 152 B.R. 615, 618 (Bankr. 9th Cir.1993); *Ameritrust Co. v. Derakhshan,* 830 F.Supp. 406, 410 (N.D.Ohio 1993); *Hyde v. United States,* 93-2 U.S. Tax Cas. (CCH) ¶ 50,432, 1993 WL 328375 (D.Ariz 1993), *aff'd on other grounds without published opinion,* 26 F.3d 130 (9th Cir.1994); *Jacobs v. IRS,* 147 B.R. 106, 107-08 (Bankr.W.D.Pa.1992); *In re Taylor,* 91-2 U.S. Tax Cas. (CCH) ¶ 50,354, 1991 WL 185110 (Bankr.D.Md.1991); *In re Perkins,* 134 B.R. 408, 411 (Bankr.E.D.Cal.1991); *In re Reed,* 127 B.R. 244, 248 (Bankr.D.Haw.1991); *Quinn v. IRS,* 84-1 U.S. Tax Cas. (CCH) ¶ 9337, 1984 WL 25 (E.D.La.1984).

neither wrongful nor illegal, we affirm the district court's dismissal of Shanbaum's actions against the United States and PBGC.

AFFIRMED.