142 F.3d 439
 81 A.F.T.R.2d 98-1195
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Michael CAMPAS, Plaintiff-Appellant,
v.
United States of America, et al., Defendants-Appellees.
 No. 97-2893.
 United States Court of Appeals,
Seventh Circuit.
 .
Argued Mar. 4, 1998.
Decided Mar. 23, 1998.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. No. 96 C 6115 Robert W. Gettleman, Judge.
 Before Hon. WALTER J. CUMMINGS, Hon. JESSE E. ESCHBACH, Hon. DANIEL A. MANION, Circuit Judges.
 
 ORDER
 
 1
 Michael Campas brought a wrongful levy action against the United States under 26 U.S.C. § 7426 when the United States assessed liability against him for taxes owed by a corporation he owned, The Valiant Restaurant, Inc. Because § 7426 specifically bars a person who is assessed a tax from suing under that section, the district court dismissed the suit for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). We agree with the district court that Campas has not stated a claim, but we must dismiss the suit for lack of subject matter jurisdiction, because the United States has not waived sovereign immunity for Campas's suit.
 
 I. Facts
 
 2
 The Valiant Restaurant, Inc. (Valiant), is an Illinois Corporation. Michael Campas is apparently its owner, though the record is murky as to the structure of the corporation. Campas states that Valiant's accountant mistakenly identified Valiant as a sole proprietorship in at least one tax filing.[1] On June 27, 1996, the Internal Revenue Service (IRS) assessed liability against Campas for withholding taxes incurred by Valiant prior to 1990. The IRS began to issue levies against his property as of June 27, 1996, but Campas is unsure of the amount that has been levied. Campas alleged in his complaint that IRS should have asserted its claim against Valiant, and then assess Campas with a penalty equal to the tax owed pursuant to 26 U.S.C. § 6672 instead of finding Campas personally liable for Valiant's tax debt.
 
 
 3
 On September 20, 1996, Campas filed suit against the United States. Campas asserted a claim under 26 U.S.C. § 7426 that the United States wrongfully levied against his property. The United States filed a motion to dismiss for failure to state a claim, which the district court granted. The district court noted that § 7426 expressly bars "persons against whom is assessed the tax" from suing under that section, and that Valiant's taxes were assessed against Campas. Thus, the court granted the government's motion to dismiss Campas now appeals, arguing that because he was wrongly assessed liability for the taxes of another, he is entitled to proceed under § 7426.
 
 II. Analysis
 
 4
 The doctrine of sovereign immunity protects the United States from suit except when Congress has "unequivocally expressed" a waiver of immunity. See United States v. Nordic Village, Inc., 503 U.S. 30, 33, 112 S.Ct. 1011, 117 L.Ed.2d 181 (1992); Automatic Sprinkler Corp. of America v. Darla Environmental Specialists Inc., 53 F.3d 181, 182 (7th Cir.1995) ("The principle of governmental immunity is simple: anyone who seeks money from the Treasury needs a statute authorizing that relief."). When Congress consents to private suits against the government, the terms of the consent are jurisdictional. See Bartley v. United States, 123 F.3d 466, 467 (7th Cir.1997), cert. denied, --- U.S. ----, 118 S.Ct. 723, 139 L.Ed.2d 662 (1998); Amwest Surety Ins. Co. v. United States, 28 F.3d 690, 693 (7th Cir.1994). Waivers of sovereign immunity are strictly construed in favor of the government. See Nordic Village, 503 U.S. at 34; Bartley, 123 F.3d at 467; In re Price, 42 F.3d 1068, 1071 (7th Cir.1994).
 
 
 5
 When Congress enacted § 7426, it waived immunity from suits by third parties to reclaim their property when seized by the government for payment of another person's taxes. See 26 U.S.C. § 7426; Amwest, 28 F.3d at 694. However, Congress expressly restricted its waiver to persons "other than the person against whom is assessed the tax out of which such levy arose" § 7426(a)(1); see also Shanbaum v. United States, 32 F.3d 180, 182-83 (5th Cir.1994). Campas recognizes this statutory language in his briefs, but argues that the court should interpret the word "assessed" in this phrase to exclude "fraudulently assessed" claims. What Campas is in effect asking the court to do is give him an opportunity to prove the assessment invalid, something that the statute expressly forbids. The statute states that when claims are brought under § 7426, "the assessment of tax upon which the interest or lien of the United States is based shall be conclusively presumed to be valid." 26 U.S.C. § 7426(c) (emphasis added). Campas's reading of "assessed" in § 7426(a)(1) departs from the plain language of the statute and would make the statute contradict itself, and thus cannot be proper. See Jenkins v. Heintz, 124 F.3d 824, 833 (7th Cir.1997) (one part of statute should not be read as to make another part inoperative), petition for cert. filed, 66 U.S.L.W. 3509 (U.S. Jan. 21, 1998) (No. 97-1213); Illinois v. Consolidated Rail Corp., 589 F.2d 1327, 1331 (7th Cir.1978) ("statutes are to be construed so that no clause, sentence or word is rendered void or contradictory").
 
 
 6
 Because the United States has not waived immunity for this type of suit, the federal courts have no jurisdiction to hear Campas' case.
 
 
 7
 DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION.
 
 
 
 [1]
 The record does not specify which or how many filings contained the error