IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 01-51012
Summary Calendar

———————————————

MARY LOUISE BETSILL, Individually
and as personal representative of
the Estate of John C. Abney, deceased,

                                        Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

                                        Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-01-CV-327
--------------------
August 1, 2002

Before JONES, SMITH, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

     Mary Louise Betsill appeals the district court's grant of

the Government's motion to dismiss her Federal Tort Claims Act

(FTCA) action for failure to comply with the jurisdictional

notice requirements of 28 U.S.C. § 2675.  Betsill argues that the

dismissal was error because her administrative claim complied

with this court's precedents since it provided sufficient notice

———————————————

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

to allow the Government to investigate the claim and it specified an amount for the claim. We review de novo. See <u>Shanbaum v. United States</u>, 32 F.3d 180, 182 (5th Cir. 1994).

The information contained on the Standard Form 95 submitted to the Government coupled with the additional evidence of authorization to represent Abney and his estate, which she submitted at the Government's request, satisfied the notice requirements of 28 U.S.C. § 2675(a). See <u>Adams v. United States</u>, 615 F.2d 284, 289 (5th Cir. 1980). Therefore, the district court's dismissal of the claim brought on Abney's behalf by Betsill was error and that portion of the district court's decision is vacated and remanded for further proceedings.

Betsill does not argue that she was entitled to bring the FTCA claim in her individual capacity. However, to the extent that she attempts to raise such a claim it is barred by 28 U.S.C. § 2675(a). Therefore, the district court's dismissal of the complaint by Betsill in her "individual" capacity is affirmed.

AFFIRMED IN PART; VACATED AND REMANDED IN PART.