**George Dalton BROOKS, Corwin Henry Meyer, Richard Welsh and Monroe Ashworth III, et al., Plaintiffs,**

**v.**

**John SNOW, Secretary of the Treasury, and Mark W. Everson, Commissioner of the Internal Revenue Service, Defendants.[1]**

**No. CIV.A. H–03–0259.**

United States District Court,
S.D. Texas,
Houston Division.

Feb. 13, 2004.

**1.** Pursuant to Fed.R.Civ.P. 25(d)(1), John Snow and Mark W. Everson are substituted as Defendants in this case.

Ronald Joseph Kormanik, Sydow Kormanik et al, Thomas E. Redding, Teresa Jean Womack, Sallie W. Gladney, Redding & Associates, Houston, TX, Henry L. Klein, Attorney at Law, New Orleans, LA, for Plaintiffs.

David B. Coffin, Dept of Justice, Dallas, TX, for Defendants.

## MEMORANDUM AND ORDER

WERLEIN, District Judge.

Pending are the United States's Motion to Dismiss First Amended Complaint (Document No. 10) and Defendants George Dalton Brooks, et al.'s Motion for Partial Summary Judgment (Document No. 20) and Motion for Stay of Collections and for Expedited Consideration (Document No. 47). After carefully considering the motions, responses, replies, and the applicable law, the Court concludes that the United States's motion should be granted and the case dismissed for lack of jurisdiction.

### I. *Background*

This action arises out of a dispute over interest that accrued on taxes during an alleged delay by the Internal Revenue Service ("IRS") in assessing the taxes owed.

In the mid–1980s, Plaintiffs invested in various AMCOR partnerships as limited partners. During the late–1980s, the IRS launched criminal investigations of various AMCOR officers and civil examinations of the AMCOR Partnerships. The investigations lasted into the 1990s. Finding AMCOR to be an abusive tax shelter, the IRS disallowed certain deductions taken by the AMCOR partnerships, which created defi-

ciencies that passed through to the partners.[2] Following the conclusion of Tax Court proceedings at the partnership level, Plaintiffs received notices of assessments in 2002 for increased tax and interest relating to tax years 1984, 1985, and 1986. According to Plaintiffs, the accrued interest amounted to more than five times the tax due.

In April, 2003, Plaintiffs filed this lawsuit against Defendants Kenneth Dam, then Deputy Secretary of the Treasury, and Robert Wenzel, then Acting Commissioner of the Internal Revenue Service. (The names of the current Secretary of the Treasury and Commissioner of Internal Revenue Service have been substituted in this Memorandum and Order.) Plaintiffs seek from the Court a declaration that Treasury Regulation 26 C.F.R. 301.7122–1 "is inconsistent with Congressional intent" by its failure to include authority to compromise penalties and interest that accumulate as a result of the Government's delay in determining a taxpayer's tax liability, and further seek a court order requiring Defendants to "(a) apply rules consistent with Congressional mandate to offers in compromise submitted by AMCOR partners; (b) abate not less than the interest accrued from the commencement of the criminal investigation until the promulgation of the final regulations; and (c) impose interest at a rate not greater than the standard rate of interest under Internal Revenue Code § 6221." Document No. 9, ¶ 221; Document No. 35, ¶ 492. Those of Plaintiffs who have paid the taxes, penalties, and interest, seek a refund of the interest that they paid "in excess of the amount appropriately determined if the final regulation had included the standards mandated by Congress," or alternatively, a refund of all interest paid that accrued during periods of delay caused by errors of the IRS. Document No. 9, ¶ 222; Document No. 35, ¶ 493. In effect, Plaintiffs are asking the Court to mandate the Secretary of the Treasury to write a regulation that Plaintiffs believe the Secretary should have written in order to comply with what Plaintiffs deem to have been "Congressional intent," and to relieve Plaintiffs from all liabilities for interest on their past due taxes that has accrued as a result of such regulation not having been written by the Secretary.

Without moving for leave, Plaintiffs filed a Second Amended Complaint[3] reiterating the foregoing claims and (1) adding the names of another 376 taxpayers as Plaintiffs, (2) substituting John Snow as Secretary of the Treasury and Mark W. Everson as Commissioner of the IRS, and (3) adding a claim for damages under 26 U.S.C. § 7433, which allows a civil action for damages caused by the intentional, reckless, or negligent disregard of a statute or regulation by an IRS employee in connection with the collection of a federal tax. See Document No. 35, ¶ 494.

The United States, as the real party in interest, moves for dismissal for lack of subject matter jurisdiction based on sovereign immunity, the Anti–Injunction Act, the Declaratory Judgment Act, and Plaintiffs' failures to exhaust administrative remedies.

## II. *Standard of Review*

Under Rule 12(b)(1), a party can seek dismissal of an action for lack of

---

**2.** *See In Re Grand Jury Proceedings,* 62 F.3d 1175, 1177 (9th Cir.1995).

**3.** As Defendants have responded to the material added in Plaintiffs' Second Amended Complaint and not moved to strike, it is deemed admitted, and the United States's Motion to Dismiss is deemed to apply to it as well, together with the Government's supplemental arguments made in its Response at Document No. 36.

subject matter jurisdiction. FED R. CIV P. 12(b)(1). The burden of establishing subject matter jurisdiction is on the party seeking to invoke it. *Ramming v. United States,* 281 F.3d 158, 161 (5th Cir.2001). In evaluating a motion to dismiss pursuant to Rule 12(b)(1), a court may consider (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Id.* (citing *Barrera–Montenegro v. United States,* 74 F.3d 657, 659 (5th Cir.1996)). The question of subject matter jurisdiction is for the court to decide even if the question hinges on legal or factual determinations. *See id.* (citing *Williamson v. Tucker,* 645 F.2d 404, 413 (5th Cir.1981) (holding the existence of disputed material facts does not preclude a court from evaluating the merits of a jurisdictional challenge)). Rule 12(b)(1) challenges to subject matter jurisdiction come in two forms: "facial" attacks and "factual" attacks. *See Lawrence v. Dunbar,* 919 F.2d 1525, 1528–29 (11th Cir.1990); *Paterson v. Weinberger,* 644 F.2d 521, 523 (5th Cir. 1981). A facial attack, which consists of a Rule 12(b)(1) motion unaccompanied by supporting evidence, challenges the court's jurisdiction based solely on the pleadings. *See Lawrence,* 919 F.2d at 1528; *Paterson,* 644 F.2d at 523. When presented with a facial challenge to subject matter jurisdiction, the court examines whether the allegations in the complaint are sufficient to invoke the court's subject matter jurisdiction, assuming the allegations to be true. *Lawrence,* 919 F.2d at 1528; *Paterson,* 644 F.2d at 523.

■ When accompanied by supporting evidence, a Rule 12(b)(1) motion challenging the court's jurisdiction is a factual attack. *Paterson,* 644 F.2d at 523. A plaintiff responding to a factual attack on the court's jurisdiction generally bears the burden of proving by a preponderance of the evidence that the court has subject matter jurisdiction. *Id.* If, however, the facts necessary to sustain jurisdiction implicate the merits of the plaintiff's cause of action, then the court must proceed as it would under Fed.R.Civ.P. 12(b)(6) or, in a proper case, Rule 56. *See Xerox Corp. v. Genmoora Corp.,* 888 F.2d 345, 350–51 (5th Cir.1989); *see also Hishon v. King & Spalding,* 467 U.S. 69, 104 S.Ct. 2229, 2232 n. 2, 81 L.Ed.2d 59 (1984) (accepting allegations as true on appeal because district court's reasoning made clear that it had dismissed complaint on ground that allegations did not state Title VII claim, even though district court invoked Rule 12(b)(1) rather than Rule 12(b)(6)). The United States's Rule 12(b)(1) motion is not accompanied by supporting evidence, and the attack is therefore facial.

### III. *Discussion*

■ The Secretary of the Treasury ("Secretary") is authorized by statute to compromise any civil or criminal case arising under the Internal Revenue Laws prior to its reference to the Department of Justice for prosecution or defense. *See* 26 U.S.C. § 7122(a). The statute conferring this authority requires the Secretary to prescribe guidelines for officers and employees of the Internal Revenue Service to determine whether an offer-in-compromise is adequate and should be accepted to resolve a dispute. *Id.* at § 7122(c)(1). Pursuant to this statute, the Secretary promulgated 26 C.F.R. § 301.7122–1, entitled "Compromises," which lists three grounds for compromise by the Secretary: "Doubt as to liability," "Doubt as to collectibility," and "Promote effective tax administration." 26 C.F.R. § 301.7122–1(b). According to Plaintiffs, in promulgating § 301.7122–1, the Treasury Regulation at issue, the Secretary violated the Constitution's separation of powers—by failing to list as a possible ground for compromise delays caused by the IRS in the determi-

nation of taxpayer liability. In so doing, Plaintiffs argue, the Secretary "implemented [§ 301.7122–1] in a manner inconsistent with the language and legislative history of a statutory provision it was designed to implement." Document No. 35, ¶ 485.

Plaintiffs' claims, identified as an alleged violation of the Constitution's separation of powers, concern actions taken by officers of the United States in an official capacity. Moreover, Plaintiffs seek not only declaratory and injunctive relief, but an abatement or refund of interest. This is the very kind of case that directly implicates the United States itself, which is why it is the real party in interest as Defendant. *Bank One, Texas, N.A. v. Taylor*, 970 F.2d 16, 33 (5th Cir.1992) is directly in point:

> [Although] the United States was not named as a party in the original action, " 'if the judgment sought would expend itself upon the public treasury or domain, or interfere with public administration,' or if the effect of the judgment would be 'to restrain the Government from acting, or to compel it to act,' " the suit will be construed as one against the United States requiring a waiver of sovereign immunity.

(quoting *Dugan v. Rank*, 372 U.S. 609, 83 S.Ct. 999, 1006, 10 L.Ed.2d 15 (1963)). Plaintiffs must therefore identify a waiver of sovereign immunity that allows Plaintiffs to pursue these claims against the United States.

■■■ Plaintiffs contend that the Administrative Procedure Act ("APA") permits the Court to adjudicate their separation of powers claim. The APA permits one who is adversely affected or aggrieved by agency action to obtain judicial review of that action so long as the action is final agency action for which there is no other adequate remedy. *See Heckler v. Chaney*, 470 U.S. 821, 105 S.Ct. 1649, 1654, 84 L.Ed.2d 714 (1985). Hence, in a case properly brought under the APA, there is a limited waiver of sovereign immunity. *See Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 152 n. 13 (5th Cir.1998) (noting waiver of sovereign immunity).

Plaintiffs' claim, however, is not brought by parties who have been adversely affected by final agency action. Indeed, they never applied under the regulation to obtain the ultimate relief they seek, namely, relief from liability for huge sums of interest accrued over the years on tax liability that Plaintiffs allege were not timely assessed due to delays by the IRS. Specifically, Plaintiffs never made offers-in-compromise under the "Promote effective tax administration" ground set out in Regulation § 301.7122–1(b)(3). The language implementing § 301.7122–1 states that "cases in which a taxpayer believes [ ] liability was caused in whole or in part, by *delay on the part of the IRS* or by the actions of third parties *may be appropriate for compromise under the public policy and equity standard.*" 67 Fed.Reg. 48025, 48027 (July 23, 2002) (emphasis added). The "public policy and equity standard" falls within the "Promote effective tax administration" grounds for compromise. *See* 26 C.F.R. § 301.7122–1(b)(3)(ii). Plaintiffs, however, do not allege they ever submitted any offers-in-compromise and, therefore, they have not shown themselves to be aggrieved by any final agency action either in the implementation of the regulation or in having any offers-in-compromise denied.

Instead, Plaintiffs complain that the Secretary did not cover the subject matter of Regulation § 301.7122–1(b)(3) in language that they believe would have more accurately fulfilled "Congressional intent," *i.e.*, specifically referring to liabilities incurred by delay of the IRS, much as was set forth in the Secretary's explanation for Regulation 301.7122–1(b)(3)(ii), quoted above from the Federal Register. Plaintiffs' claim of injury, based on the Secretary not having

written the regulation in the way that they believe it should have been written, is therefore so highly speculative and uncertain as even to lack Article III standing. "Federal courts consistently deny standing when claimed anticipated injury has not been shown to be more than uncertain potentiality." *Prestage Farms, Inc. v. Bd. of Supervisors*, 205 F.3d 265, 268 (5th Cir. 2000). Thus, Plaintiffs have no standing not only under the APA but also they have no standing under Article III to challenge as an unconstitutional violation of separation of powers the Secretary's formulation of Regulation § 301.7122–1. Under these circumstances, Plaintiffs have shown no waiver of sovereign immunity by the United States to permit the prosecution of this case.

■■■■■ Even presuming Article III and APA standing, and therefore a waiver of sovereign immunity under the APA, the Anti–Injunction and Declaratory Judgment Acts still would preclude Plaintiffs' requested relief regarding § 301.7122–1. The Anti–Injunction Act bars a suit "for the purpose of restraining the assessment or collection of any tax. . . ." 26 U.S.C. § 7421. The Declaratory Judgment Act specifically excludes from its scope actions "with respect to Federal taxes." 28 U.S.C. § 2201(a). "There is no dispute . . . that the federal tax exception to the Declaratory Judgment Act is at least as broad as the Anti–Injunction Act." *Bob Jones University v. Simon*, 416 U.S. 725, 94 S.Ct. 2038, 2044, 40 L.Ed.2d 496 (1974). Plaintiffs argue that these statutory bars do not apply because Plaintiffs' claims concern *interest* rather than *taxes*. Title 26 U.S.C. § 6601(e), however, states that "[a]ny reference in this title . . . to any tax imposed by this title shall be deemed also to refer to interest imposed by this section on such tax." *See Beall v. United States*, 336 F.3d 419, 422 n. 3 (5th Cir.2003) (noting that references in the Internal Revenue Code to taxes imposed by the Code are deemed also to refer to interest). Furthermore, the prohibition of the Anti–Injunction Act is broad, "applicable not only to the assessment or collection itself, but [ ] equally applicable to activities which are intended to or may culminate in the assessment or collection of taxes." *Smith v. Rich*, 667 F.2d 1228, 1230 (5th Cir.1982). All of Plaintiffs who have not paid the accrued interest clearly intend by this action to interfere with IRS activities culminating in collection of the interest said to be owed by Plaintiffs.[4] Such action is proscribed by the Anti–Injunction Act which protects "the Government's need to assess and collect taxes as expeditiously as possible with a minimum of pre-enforcement judicial interference, 'and to require that the legal right to the disputed sums be determined in a suit for refund.'" *Bob Jones*, 94 S.Ct. at 2046 (quoting *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 82 S.Ct. 1125, 1129, 8 L.Ed.2d 292 (1962)).

■■■■■ Those of the Plaintiffs who have paid the assessed interest, taxes, and penalties purport to assert actions under 28 U.S.C. § 1346 and 26 U.S.C. § 7422. *See* Document No. 35, ¶ 442.[5] Title 28

**4.** The claims of those Plaintiffs who have paid all taxes and interest assessed and who are seeking a refund of interest are governed by 28 U.S.C. §§ 1346(a) and 26 U.S.C. § 7422, which are dealt with below. *See Beall*, 336 F.3d at 424–25, 427 n. 9 (noting that suits for a refund and challenges to the IRS's refusal to abate interest can be brought under §§ 1346 and 7422, and that the APA is not an appropriate vehicle for such actions).

**5.** Plaintiffs also invoke 28 U.S.C. § 1340. Although § 1340 grants jurisdiction over civil actions arising under "any Act of Congress providing for internal revenue," it does not constitute a waiver of sovereign immunity. *See Geurkink Farms, Inc. v. United States*, 452 F.2d 643 (7th Cir.1971).

U.S.C. § 1346 " 'operates in conjunction with 26 U.S.C. § 7422 to provide a waiver of sovereign immunity in tax refund suits . . . when the taxpayer has fully paid the tax and filed an administrative claim for a refund.' " *Beall,* 336 F.3d at 422 (quoting *Shanbaum v. United States,* 32 F.3d 180, 182 (5th Cir.1994)). The waiver extends to claims for wrongfully collected, unabated interest. *See Beall,* 336 F.3d at 424. The suit, however, "must be preceded" by a claim for a refund "filed in accordance with regulations issued by the Secretary of the Treasury." *Your Ins. Needs Agency, Inc. v. United States,* 274 F.3d 1001, 1003 (5th Cir.2001) (citing *United States v. Williams,* 514 U.S. 527, 115 S.Ct. 1611, 1616, 131 L.Ed.2d 608 (1995)) (noting that because the administrative claim is a condition to the waiver of sovereign immunity, "a party may not bring a refund action without first exhausting administrative remedies.")

The Plaintiffs who claim to have paid the taxes and interest assessed do not allege that they timely filed administrative claims for refunds as required by § 7422(a). Because an administrative claim for a refund is a "jurisdictional prerequisite" to a refund suit, and none was made, the Court lacks subject matter jurisdiction over these claims. *See Shanbaum v. United States,* 32 F.3d 180, 182 (5th Cir.); *Young v. United States,* 332 F.3d 893, 894–95 (6th Cir. 2003) ("This waiver of sovereign immunity . . . is limited by the requirement that a taxpayer pursue administrative remedies before bringing suit against the government.").

▮▮▮▮ Finally, Plaintiffs claim that the sending of certain letters by the IRS, which Plaintiffs call "Selesky letters" because an IRS employee by the name of Selesky is mentioned in the letters, constitutes reckless or intentional violations of various Internal Revenue Code provisions for which Plaintiffs are entitled to recover damages under the "Taxpayer Bill of Rights," 26 U.S.C. § 7433. This statute provides a limited waiver of sovereign immunity for suit against the United States for injuries caused by IRS employees' intentional or reckless disregard of tax laws in connection with the collection of taxes. *See* 26 U.S.C. § 7433(a); *Shaw v. United States,* 20 F.3d 182, 184 (5th Cir.1994). Recovery of damages under § 7433, however, requires Plaintiffs first to exhaust their administrative remedies. *See* 26 U.S.C. § 7433(d)(1); 26 C.F.R. § 7433–1(a); *Shaw v. United States,* 20 F.3d 182, 183 (5th Cir.1994). The Court's discretion to disregard a failure to exhaust statutorily mandated administrative remedies is severely limited. *See Information Resources, Inc. v. United States,* 950 F.2d 1122, 1126 (5th Cir.1992) (emphasizing the limit on discretion regarding exhaustion of statutorily mandated administrative remedies); *Taylor v. United States Treasury Dep't,* 127 F.3d 470 (5th Cir.1997) (comparing jurisdictional, statutorily required exhaustion with judicially created exhaustion requirements). Only when the administrative remedies are *inadequate* may a court disregard the failure to exhaust such remedies. *See Information Resources,* 950 F.2d at 1126. Such is not the case here, where fully adequate administrative remedies are provided in Regulation 301.7433–1.

Plaintiffs argue, however, that submitting a claim for abatement or refund of interest would be useless given the "preemptive" denial of claims in the "Selesky letters." The one "Selesky letter" exhibited by Plaintiffs, dated May 2, 2003, and addressed to Thomas B. Adams, denies certain claims but obviously does not deny any claim arising from the sending of the "Selesky letter" itself if, as Plaintiffs allege, that event is an intentional or reckless act by an IRS employee intended wrongfully to injure Plaintiff(s). If the

sending of the "Selesky letter" itself were such an act of misconduct resulting in injury to Plaintiffs, then that is quite a separate claim as to which they must exhaust their administrative remedies as a prerequisite to a § 7433 recovery of damages. Plaintiffs have not pled or shown any administrative exhaustion of their claim for damages under § 7433 based on Plaintiffs' alleged injuries from issuance of the "Selesky letters," and the Court therefore lacks subject matter jurisdiction over these claims.

### IV. *Order*

Based on the foregoing, and because the Court lacks subject matter jurisdiction as to all of Plaintiffs' claims, it is

ORDERED that the United States's Motion to Dismiss (Document No. 10) is GRANTED, and all of Plaintiffs' claims are DISMISSED for lack of subject matter jurisdiction. It is further

ORDERED that Plaintiffs' Motion for Partial Summary Judgment (Document No. 20), Motion for Stay of Collections (Document No. 47–1), and Motion for Expedited Consideration (Document No. 47–2) are DENIED as MOOT.

The Clerk will enter this Order and send a copy to all parties of record.

### *FINAL JUDGMENT*

For the reasons set forth in the separate Memorandum and Order signed this day, it is

ORDERED that the United States's Motion to Dismiss is (Document No. 10) GRANTED, and all Plaintiffs' claims are DISMISSED for lack of subject matter jurisdiction.

This is a **FINAL JUDGMENT**.

The Clerk will enter this Order, providing a correct copy to all counsel of record.