**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 17, 2012

No. 11-40666
Summary Calendar

Lyle W. Cayce
Clerk

CHRISTOPHER LINDSEY,

Plaintiff-Appellant

v.

M. STRIEDEL, Warden

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:10-CV-364

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Christopher Lindsey, Texas prisoner # 74054279, filed a 42 U.S.C. § 1983 complaint against the Coastal Bend Detention Center alleging unconstitutional conditions of confinement. He thereafter amended his complaint to allege that Sergeant White and Correctional Officer Freeze used excessive force against him on November 14, 2010, and that Warden M. Striedel subjected him to excessive force on November 17, 2010. After an evidentiary hearing, Lindsey voluntarily dismissed all claims and all defendants, with the exception of his excessive-force

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

claim against Striedel. Striedel moved to dismiss the remaining claim pursuant to Federal Rule of Civil Procedure 12(b)(6) on the basis that Lindsey had failed to exhaust administrative remedies. The district court granted the motion.

Lindsey contends that he was unable to exhaust administrative remedies because all of his property was removed from his prison cell after his altercation with Striedel and was not returned until he was transferred to another facility; Lindsey argues that he consequently lacked the ability and the materials to file a grievance. He additionally alleges that he exhausted the only remedy that was available to him by contacting various court employees and his court-appointed counsel regarding his complaint. Lindsey also argues that his failure to exhaust administrative remedies should be excused because his ability to file a grievance was impeded by his inability to access an adequate law library.

This court reviews de novo the grant of a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6). *Shanbaum v. United States*, 32 F.3d 180, 182 (5th Cir. 1994). In reviewing a Rule 12(b)(6) motion, the "court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks and citations omitted).

Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This court has taken a strict approach to the exhaustion requirement. *Dillon v. Rogers*, 596 F.3d 260, 268 (5th Cir. 2010). Proper exhaustion is required, meaning that the inmate must not only pursue all available avenues of relief but must also comply with all administrative deadlines and procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006).

Lindsey has failed to allege a valid basis to excuse his failure to exhaust the applicable grievance procedure. The record belies Lindsey's contention that

he could not file a grievance because all of his property, including the materials needed to file a grievance, was confiscated. The record establishes that, within the time period for exhausting his remedies, Lindsey had the necessary property and the ability to file pleadings in the district court that set forth the relevant facts underlying his allegations. Lindsey does not identify any further materials or resources that were needed specifically to file a grievance and does not explain why he could not have filed a grievance using the same property used to file his district court pleadings. To the extent that Lindsey suggests that he exhausted his remedies by contacting court employees and his court-appointed counsel, his claim is unavailing because these acts were procedurally defective and did not meet his obligation to exhaust his claims in compliance with the applicable grievance procedure. *See Woodford*, 548 U.S. at 83-84.

Likewise, Lindsey has failed to show that his failure to exhaust remedies should be excused because he was transferred to another facility. Lindsey does not contend that there were any problems at the new facility that prevented him from filing grievances regarding the incident at the Coastal Bend Detention Center and has not alleged how his transfer otherwise impeded his ability to file a grievance within the required time period. *See Dillon*, 596 F.3d at 267-68.

He furthermore has not shown that he should be excused from exhaustion because he was denied access to an adequate law library. He does not set forth any specific legal materials that were withheld or articulate how a deficient law library or lack of legal resources prevented him from filing a timely grievance. *Cf. Lewis v. Casey*, 518 U.S. 343, 351-54 (1996) (holding that an inmate alleging denial of access to the courts must show an actual injury).

Accordingly, Lindsey did not properly exhaust his administrative remedies and has not articulated any basis upon which his failure to exhaust should be excused. The district court therefore did not err in dismissing his complaint. *See Woodford*, 548 U.S. at 83-84.

No. 11-40666

Lindsey additionally raises a number of claims regarding the propriety of the district court proceedings. He argues that he should have been permitted to present this case to a jury and been provided relevant evidence. Lindsey further contends that the magistrate judge (MJ) lacked authority to preside over the proceedings and exhibited bias in her rulings. He also alleges that the district court erroneously denied his request for the appointment of counsel.

These claims are unavailing. Lindsey has not established that he properly exhausted his administrative remedies and, therefore, he has not shown that the merits of his claims should be presented to a jury; he likewise is not entitled to have a jury determine whether he exhausted his claims. *See Dillon*, 596 F.3d at 272. To the extent that Lindsey argues that he was denied discovery before his complaint was dismissed, his claim lacks merit. He has not demonstrated that the production of additional materials would have established that he properly exhausted his administrative remedies or that his failure to exhaust should be excused. Furthermore, the record shows that Lindsey expressly consented to having the MJ preside over the proceedings, and her adverse rulings do not establish bias. *See Liteky v. United States*, 510 U.S. 540, 555 (1994). Lindsey also has not shown that this case, which was not factually or legally complex, involved exceptional circumstances that required the appointment of counsel. *See Ulmer v. Chancellor,* 691 F.2d 209, 212 (5th Cir. 1982).

Finally, Lindsey has moved for leave to file an out-of- time reply brief. We greatly disfavor all extensions of time for filing reply briefs. 5TH CIR. R. 31.4.4. Lindsey's motion, which effectively repeats the substantive arguments that he set forth in his primary brief, presents no compelling reason for us to permit the untimely filing of his reply brief. Accordingly, the motion should be DENIED.

AFFIRMED