# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 31, 2013

Lyle W. Cayce
Clerk

No. 13-10167
Summary Calendar

TRAVIS BLANK,

Plaintiff - Appellant

v.

BUTCH TABERA, MEDICAL DOCTOR, in his individual capacity as the Primary Care Physician of the Federal Bureau of Prisons, Fort Worth Division, Fort Worth, Texas; JOSE GOMEZ, Mid-Level Practitioner, in his individual capacity as the Physicians Assistant of the Federal Bureau of Prisons Fort Worth Division, Fort Worth, Texas,

Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:12-CV-52

Before KING, BARKSDALE, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Travis Blank, federal prisoner # 16486078, proceeding *pro se*, appeals the dismissal of his civil action under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), claiming Dr. Butch Tabera and Nurse Practitioner Jose Gomez were deliberately indifferent to his serious medical

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

needs. The district court granted summary judgment against Blank, ruling that he had failed to exhaust his administrative remedies pursuant to the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a).

A summary judgment is reviewed *de novo*, applying the standard employed by the district court. *See Carnaby v. City of Houston*, 636 F.3d 183, 187 (5th Cir. 2011). Under the PLRA, a prisoner must exhaust his administrative remedies before filing a civil action against prison officials. 42 U.S.C. § 1997e(a). Such exhaustion "means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)". *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (internal quotation marks and citation omitted) (emphasis in original).

It is undisputed that Blank failed to exhaust his administrative remedies by properly completing all steps in the administrative-grievance process. *See id.*; 28 C.F.R. §§ 542.13 (informal grievance procedure), 542.14 (initial grievance filing), 542.15 (grievance appeals). He contends he was excused from exhausting such remedies because: he was transferred out of FCI Fort Worth on 18 February 2010; he was ill for approximately two months after being transferred; and he was subsequently placed on pre-trial home release for 14 months.

These contentions are without merit. *See Lindsey v. Striedel*, 486 F. App'x 449, 452 (5th Cir. 2012) (per curiam) (unpublished) (stating transfer to separate prison facility does not excuse failure to exhaust); *Days v. Johnson*, 322 F.3d 863, 867-68 (5th Cir. 2003) *overruled by implication on other grounds by Jones v. Bock*, 549 U.S. 199, 216 (2007) (stating physical injury excuses failure to exhaust only when prisoner attempted to file grievance as soon as physically able); *Williams v. Henagan*, 595 F.3d 610, 619 (5th Cir. 2010) (holding release from prison does not relieve obligation to exhaust). Summary judgment was proper because Blank's illness and transfer did not excuse him from exhausting

his administrative remedies and his home release did not obviate the need for exhaustion.

AFFIRMED.