# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-30917
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 2, 2019

Lyle W. Cayce
Clerk

DONALD BURGO,

Plaintiff-Appellant

v.

KIM STANSBURY; JAMES MCLELLAND; PAUL JOSEPH DEMAHY; SOSTENES RUIZ, III; ROBERT P. FUHRER; DONALD T. BOLLINGER; ED LEONARD, JR.; DIAMOND NICOLE BURGO; MALCOM SAMPEY; STATE OF LOUISIANA; JOHN LEGENDRE; ALFRED S. LIPPMAN; DALE H. HAYES; ROBERT TRACY; JAMES D. CALDWELL; SHERRY A. BAYARD; LOIS S. BURGO; MARION HENRY; CLIFTON DICKERSON, III; C. M. THIBODAUX COMPANY; UNITED STATES OF AMERICA; UNITED STATES COMPTROLLER OF CURRENCY; CLIFF DRESSEL; GREG AUCOIN; MCDERMOTT, INCORPORATED, Improperly named as J. Ray McDermott Company, Incorporated,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:17-CV-813

Before DENNIS, GRAVES, and COSTA, Circuit Judges.

PER CURIAM:*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-30917

Donald Burgo, former Louisiana prisoner # 197078, moves for leave to proceed in forma pauperis (IFP) on appeal from the dismissal of his 42 U.S.C. § 1983 action. To proceed IFP, Burgo must demonstrate financial eligibility and a nonfrivolous issue for appeal. *See Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). It is unclear whether Burgo has demonstrated financial eligibility. Nonetheless, in light of the frivolous nature of his appeal, we need not make this determination.

In his brief, Burgo addresses the reasons for the dismissals of only the United States of America and the State of Louisiana. By his failure to brief, Burgo has abandoned any challenge to the dismissal of the claims against the remaining defendants and has thus failed to show a nonfrivolous issue for appeal as to those dismissals. *See id.*; *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *Brinkmann v. Dallas Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Concerning the dismissals of the United States and the State of Louisiana, Burgo argues that, contrary to the district court's finding, neither is immune from suit because they entered into contracts with another defendant and others. To the extent Burgo's allegation regarding the United States is an attempt to present a new claim, we do not consider it. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999). As to the State of Louisiana, Burgo's argument does not raise a nonfrivolous argument for appeal. *See Raj v. La. State Univ.*, 714 F.3d 322, 328 (5th Cir. 2013).

Likewise, Burgo raises no nonfrivolous issue by claiming that his action should be permitted to proceed against the State of Louisiana based on 28 U.S.C. §§ 1331, 1343, and 1367. *Cf. Shanbaum v. United States*, 32 F.3d 180, 182 (5th Cir. 1994); *Beale v. Blount*, 461 F.2d 1133, 1138 & n.7 (5th Cir. 1972); *see Raygor v. Regents of Univ. of Minn.*, 534 U.S. 533, 541-42 (2002). Finally,

No. 17-30917

Burgo's reliance on 42 U.S.C. § 12202 is misplaced, given that § 12202 addresses state immunity for claims brought under the Americans with Disabilities Act. *See McCardell v. U.S. Dep't of Hous. and Urban Dev.*, 794 F.3d 510, 522 n.88 (5th Cir. 2015).

Because Burgo has not shown that his appeal raises a nonfrivolous issue, *see Carson*, 689 F.2d at 586, his motion for leave to proceed IFP on appeal is DENIED. As there is no nonfrivolous issue, the appeal is DISMISSED as frivolous. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2.

Burgo has previously accumulated at least three strikes for purposes of 28 U.S.C. § 1915(g). He is WARNED that, if he returns to prison, he may no longer proceed IFP in any civil action or appeal unless he is under imminent danger of serious physical injury. *See* § 1915(g).

We have previously warned Burgo that frivolous filings would invite the imposition of sanctions. *See Burgo v. Vannoy*, No. 16-30004 (5th Cir. Arp. 26, 2017). In that same order, we advised him to review any pending appeals and actions and instructed him to move to dismiss any that were frivolous. *See id.* Burgo has not heeded that warning. We now ORDER Burgo to pay $505 as a sanction to the clerk of this court. Burgo is BARRED from filing any pleading in this court or in any court subject to this court's jurisdiction until the total amount of the sanction imposed is paid in full. Burgo is WARNED that any future frivolous filings in this court or any court subject to this court's jurisdiction will subject him to increasingly severe sanctions, as will the failure to withdraw any pending matters that are frivolous.