**Melvin R. HASSELL, Plaintiff,**

v.

**UNITED STATES of America et al., Defendants.**

**No. 3:97–CV–1882–P.**

United States District Court,
N.D. Texas,
Dallas Division.

June 1, 1999.

Melvin R. Hassell, Dallas, TX, for plaintiff.

Joe A. Pitzinger, U.S. Department of Justice, Tax Division, Dallas, TX, for defendants.

*ORDER*

SOLIS, District Judge.

Now before the Court are the United States' Individual Defendants' Motion to Dismiss, filed September 23, 1998[1] and Plaintiff's Motion for Continuance, filed March 10, 1999. Defendants filed their motion to dismiss on September 23, 1998. The Court notified Plaintiff on January 6, 1999 that he had fifteen (15) days from the date of the Order to file a response to the motion if he chose to do so. After the fifteen (15) day deadline had expired, Plaintiff requested an extension of time to respond to Defendants' motion. Plaintiff's request was granted on February 10, 1999, and the response deadline was extended to March 10, 1999. On March 10, Plaintiff moved for a continuance, so that he could retain legal counsel. Plaintiff never filed a response to Defendants' Motion to Dismiss.

After careful review of the motions, case file and applicable law, the Court hereby GRANTS in part and DENIES in part the Individual Defendants' Motion to Dismiss. Plaintiff's Motion for Continuance is DENIED.

### A. Motion to Dismiss

In his Complaint, Plaintiff names as defendants nine (9) Internal Revenue Service Employees or Officers (Rossotti, Allred, Paxton, Sobities, Acevedo, Christian, Murphy, Venable and Hudley), the Attorney General (Reno), the U.S. Attorney for the Northern District of Texas (Coggins), Senator Orrin Hatch, the United States of America, Messrs. Campbell, Conrad and Thornton, and the Citizen Advocacy Panel. In their Motion to Dismiss, Defendants Allred, Paxton, Sobities, Acevedo, Christian, Murphy and Venable seek dismissal of Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6) to the extent these defendants are being sued in their individual capacities for damages. Further, Defendants maintain that because they were not properly served in their individual capacities, any claims against them in their individual capacities must be dismissed.

---

1. The following Defendants in their individual capacities filed this motion to dismiss: Allred, Paxton, Sobities, Acevedo, Christian, Murphy and Venable.

**244**

### 1. Failure to State a Claim

■ Defendants note in their motion that Plaintiff seeks damages "against each defendant for $1,000,000" pursuant to the Taxpayers' Bill of Rights, 26 U.S.C. § 7433. Pl.'s First Am. Compl. at 8. Defendants argue that because it is unclear from the language of Plaintiff's Complaint whether Plaintiff is seeking recovery of damages against these Defendants in their individual capacities, the Court should dismiss such claims on qualified immunity grounds. Def.'s Mot. at 2.

Section 7433 provides that a taxpayer's exclusive remedy for recovering damages arising in connection with the collection of federal taxes caused by the reckless or intentional disregard of any provision of Title 26 by an officer or employee of the IRS is the filing of a civil action for damages against the United States. 26 U.S.C. § 7433. Because the statute provides that only the United States may be a § 7433 defendant, this claim against Defendants in their individual capacities must be dismissed.

■ Further, § 7431 provides that a taxpayer's exclusive remedy for recovering damages arising from unauthorized disclosure of tax information is the filing of a civil action against the United States. It reads in pertinent part as follows, "if any officer or employee of the United States knowingly or by reason of negligence, inspects or discloses any return or return information of any taxpayer ... such taxpayer may bring a civil action for damages against the United States." 26 U.S.C. § 7431. Even assuming that Defendants Paxton and Allred did unlawfully disclose Plaintiff's return or his return information, Plaintiff may only recover damages against the United States, not the government employees in their individual capacities. Therefore, Plaintiff's unauthorized disclosure claim against the individual defendants must be dismissed.[2]

■ To the extent that Plaintiff alleges that Defendants are liable in their individual capacities for violating Plaintiff's Fifth Amendment rights, Defendants maintain that no such action can stand against Defendants in their individual capacities. The Court rejects Defendants' argument. Construed liberally, Plaintiff alleges more than simple wrongful levy against him with respect to the IRS revenue officers. Plaintiff maintains that Earl Hudley harassed him by falsely accusing Plaintiff of engaging in illegal activity and threatening to seize Plaintiff's home, thereby causing Plaintiff's wife to suffer a stroke. Plaintiff also alleges that all IRS officers named as defendants in this suit harassed Plaintiff and describes "numerous" occasions whereby IRS agents came to Plaintiff's home to measure the lot size.

■ A Fifth Amendment claim against a government official in his individual capacity is permissible when a plaintiff alleges that an IRS agent maliciously harassed him in connection with his taxes. *Rutherford v. United States,* 702 F.2d 580, 584 (5th Cir.1983). Because Plaintiff's Complaint, read in the light most favorable to him, can be read as alleging malicious harassment by Hudley and the eight other officers (Rossotti, Allred, Paxton, Sobities, Acevedo, Christian, Murphy and Venable) that caused Plaintiff's wife to suffer a stroke, the movants have not met their burden of proving that Plaintiff failed to state a claim upon which relief can be granted under the Fifth Amendment. Plaintiff's Fifth Amendment claim will not be dismissed as to Defendants in their individual capacities.

■ Finally, the Court does not have subject matter jurisdiction over Plaintiff's 18 U.S.C. § 1503 obstruction of justice claim. Criminal statutes can neither be enforced by civil action nor by private parties. *Keenan v. McGrath,* 328 F.2d 610, 611 (1st Cir.1964); *See United States v. Claflin,* 97 U.S. 546, 24 L.Ed. 1082 (1878). Because a private person cannot initiate a criminal prosecution in his own name in a civil proceeding, the Court is without jurisdiction over Plaintiff's obstruction allegation.

### 2. Lack of Service

■ Defendants maintain that Plaintiff failed to properly serve them in their individ-

---

2. Further, to the extent that Plaintiff's Complaint can be read as a tax refund lawsuit, any such action is barred against IRS officers or employees. 26 U.S.C. §§ 7422(c), (f)(1).

ual capacities pursuant to Federal Rule of Civil Procedure 4(e). Rule 4(e) requires service upon individuals be made in one of two ways: (1) pursuant to the law of the state in which the district court is located, which, in this case, is Texas or (2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's home with a person of suitable age and discretion or with an authorized agent. Fed.R.Civ.P. 4(e)(1), (2). Because Allred, Paxton, Sobities, Acevedo, Christian, Murphy and Venable filed this motion to dismiss in their individual capacities as defendants, the Court considers them notified of the lawsuit, and Plaintiff need not effect proper service upon them.[3]

■■■■ Plaintiff has failed to properly serve Hudley, Rossotti, Reno (Attorney General), Coggins (U.S.Attorney), and Hatch in their individual capacities pursuant to the Federal Rules of Civil Procedure. Plaintiff failed to comply with Federal Rule of Civil Procedure 4(c), (e), (l) and (m) with respect to those defendants in their individual capacities. That Plaintiff is *pro se* does not mean he does not have to comply with the Federal Rules of Civil Procedure. Service on an individual under federal law must be made by delivering a copy of the summons and complaint to the individual personally or by leaving copies at the individual's home. Fed. R.Civ.P. 4(e)(2). Further, process may not be served upon Defendants by Plaintiff, but may only be served by "any person who is not a party." Fed.R.Civ.P. 4(c)(2).

Pursuant to Federal Rule 4(e)(1), Plaintiff also could have effected service on Hudley, Rossotti, Reno (Attorney General), Coggins (U.S.Attorney), and Hatch in their individual capacities pursuant to Texas state law. Fed. R.Civ.P. 4(e)(1). Texas Rule of Civil Procedure 106 permits service by certified mail if service is effected by a person who is not a party. Tex.R. Civ. P. 103, 106. Only the clerk of the court may serve process by certified mail. Tex.R. Civ. P. 103. In this case, copies of the Complaint were sent via certified mail to Hudley, Rossotti, Reno (Attorney General), Coggins (U.S.Attorney), and Hatch. However, the record indicates that Plaintiff himself, who is a party to this action, mailed the Complaint to Defendants. Because a party may not serve any process under Texas law, service was defective as to Hudley, Rossotti, Reno (Attorney General), Coggins (U.S.Attorney), and Hatch in their individual capacities pursuant to Texas state law.

Because Plaintiff failed in several respects to effect proper service of process upon Defendants Hudley, Rossotti, Reno (Attorney General), Coggins (U.S.Attorney), and Hatch in their individual capacities, Plaintiff has thirty (30) days from the date of this Order to serve them properly. Should Plaintiff fail to properly serve those defendants within thirty (30) days, Plaintiff faces dismissal of his claims against them.

■■■■ Plaintiff also failed to properly serve Robert Campbell, President and CEO of Bridgestone, Steve Thornton, In-house Counsel for Alpha Omega Publications, and Patrick Conrad, Executive Assistant to the President of Alpha Omega Publications. Plaintiff does not specify whether he is suing them in their individual or corporate capacities, therefore the Court will presume that Plaintiff intended to sue these defendants in their individual capacities. Plaintiff has not properly served any of these defendants pursuant to Federal Rule of Civil Procedure 4(c), (e), (l) and (m). Under federal law, service on an individual must be made by delivering a copy of the summons and complaint to the individual personally or by leaving a copy at the individual's home. Fed.R.Civ.P. 4(e)(2). Further, process may not be served upon

---

**3.** Further, Plaintiff has properly served the United States and its officers and agents in their official capacities pursuant to Federal Rule of Civil Procedure 4(i)(1) and (2). Plaintiff served by certified mail a copy of the summons and complaint to the United States Attorney for the Northern District of Texas on July 8, 1998 and August 12, 1998, respectively. Plaintiff also sent by certified mail a copy of the summons and the complaint to the Attorney General of the United States on July 8, 1998 and August 12, 1998 respectively. Finally, Plaintiff sent copies of the summons and complaint to Venable, Sobities, Rossotti, Murphy, Hudley, Hatch, Christian, Acevedo, Allred, Coggins (U.S.Attorney), Reno (Attorney General), and Paxton on July 8, 1998 and August 12, 1998 respectively.

Defendants by Plaintiff, but may only be served by "any person who is not a party." Fed.R.Civ.P. 4(c)(2).

Pursuant to Federal Rule 4(e)(1), Plaintiff also could have effected service on Campbell, Thornton and Conrad in their individual capacities pursuant to Texas state law. Fed. R.Civ.P. 4(e)(1). Texas Rule of Civil Procedure 106 permits service by certified mail if service is effected by a person who is not a party. Tex.R. Civ. P. 103, 106. Only the clerk of the court may serve process by certified mail. Tex.R. Civ. P. 103. In this case, copies of the Complaint were sent via certified mail to Campbell, Thornton and Conrad. However, the record indicates that Plaintiff himself, who is a party to this action, mailed the Complaint to Defendants. Because a party may not serve any process under Texas law, service was defective as to Campbell, Thornton and Conrad in their individual capacities pursuant to Texas state law.

Because Plaintiff failed in several respects to effect proper service of process upon Defendants Campbell, Thornton and Conrad in their individual capacities, Plaintiff has thirty (30) days from the date of this Order to serve them properly. Should Plaintiff fail to properly serve those defendants within thirty (30) days, Plaintiff faces dismissal of his claims against them.

Likewise, Plaintiff failed to serve Citizen Advocacy Panel properly.[4] Plaintiff failed to comply with Federal Rule of Civil Procedure 4(c), (h), (l) and (m). Under federal law, service on a corporation or association must be made by delivery of process to an agent or officer of the corporation and the return of service must identify the agent or officer and show his connection to the corporation. 4A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1130 (1987); Fed.R.Civ.P. 4(h)(1).

Pursuant to Federal Rule 4(h)(1), Plaintiff could have effected service on Citizen Advocacy Panel pursuant to Texas state law. Fed.R.Civ.P. 4(h)(1). Texas Rule of Civil Procedure 106 permits service by certified

mail if service is effected by a person who is not a party. Tex.R. Civ. P. 103, 106. Only the clerk of the court may serve process by certified mail. Tex.R. Civ. P. 103. In this case, copies of the Complaint were sent via certified mail to Citizen Advocacy Panel. However, the record indicates that Plaintiff himself, who is a party to this action, mailed the Complaint to Citizen Advocacy Panel. Because a party may not serve any process under Texas law, service was defective as to Citizen Advocacy Panel pursuant to Texas state law.

Because Plaintiff failed in several respects to effect proper service of process upon Defendant Citizen Advocacy Panel, Plaintiff has thirty (30) days from the date of this Order to serve it properly. Should Plaintiff fail to properly serve Citizen Advocacy Panel within thirty (30) days, Plaintiff faces dismissal of his claims against Citizen Advocacy Panel.[5]

Finally, Plaintiff named as defendants "Unknown Federal Internal Revenue Agents." Plaintiff has had nearly two years to identify those unnamed defendants and has failed to do so. Therefore, Plaintiff has thirty (30) days from the date of this Order to identify the unnamed defendants. Should Plaintiff fail to identify those defendants and amend his Complaint to include the names of those unnamed defendants within thirty (30) days, Plaintiff faces dismissal of his claims against them.

Therefore, all claims against Defendants Allred, Paxton, Sobities, Acevedo, Christian, Murphy and Venable in their individual capacities, with the exception of the Fifth Amendment claims against them, are hereby DISMISSED based on the foregoing. Defendants' Motion to Dismiss is hereby GRANTED in part and DENIED in part.

**B. Motion for Continuance**

Rather than file a response to Defendants' motion, Plaintiff moved the Court for a continuance on March 10, 1999, the date his response to Defendants' Motion to Dis-

---

4. The Court assumes that Citizen Advocacy Panel is a corporation or association.

5. There is no indication in the record that Plaintiff sought and received waiver of service from any of the defendants pursuant to Fed.R.Civ.P. 4(d).

miss was due pursuant to the Court's Order of February 10, 1999. Plaintiff requested the continuance so that he could obtain legal counsel. More than sixty (60) days have passed since Plaintiff filed his request and Plaintiff has neither retained an attorney nor filed a response to Defendants' Motion to Dismiss. Therefore, Plaintiff's Motion for Continuance is DENIED.

