**Robert L. PERKINS and Judy A. Perkins, Plaintiffs**

v.

**UNITED STATES of America, Defendant.**

**No. 1:03–CV–1429.**

United States District Court,
E.D. Texas,
Beaumont Division.

April 16, 2004.

Robert L. Perkins, Beaumont, TX, Pro Se.

Judy A. Perkins, Beaumont, TX, Pro Se.

Michelle Lee Johns, Department of Justice, Dallas, TX, for Defendant.

### *REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE*

HINES, United States Magistrate Judge.

This action requests the court to set aside an Internal Revenue Service ("I.R.S.") determination that plaintiffs owe additional income taxes and penalties.

Pretrial matters are referred to the undersigned magistrate judge under General Order 03–16 on December 9, 2003. The referral is authorized by 28 U.S.C. § 636(b)(1) and "Local Rules for the Assignment of Duties to United States Magistrate Judges," E.D. Tex.R.App. B (Rule 1(D)(1)).[1]

---

1. This case originally was assigned to United    States District Judge Howell Cobb. On Janu-

Pending is defendant's motion to dismiss filed on January 8, 2004. (Docket No. 8). Under 28 U.S.C. § 636(b)(1), magistrate judges conduct hearings, when necessary, and submit written reports containing proposed findings of fact, conclusions of law, and recommendations for disposition of potentially case-dispositive matters. This report addresses defendant's motion to dismiss.

## I.  PARTIES

Plaintiffs, Robert L. Perkins and Judy A. Perkins, are husband and wife residing in Beaumont, Jefferson County, Texas. Plaintiffs proceed *pro se*.

Defendant is the United States of America (United States). Defendant is represented by Michelle Lee Johns, United States Attorney, Tax Division, Department of Justice.

## II.  BACKGROUND; NATURE OF SUIT

Plaintiffs' filed a joint federal income tax return for the tax year 1997 showing no tax due.[2] On May 10, 2000, I.R.S. sent to plaintiffs a Notice of Deficiency that proposed changes to plaintiffs' 1997 income tax returns.[3] On June 16, 2003, I.R.S. sent plaintiffs a "Final Notice of Intent to Levy and Notice of Your Right to a Hearing."[4]

In response, plaintiffs, on July 11, 2003, requested a Collection Due Process Hearing.[5] A telephonic hearing of the type contemplated in Section 6330, Internal Revenue Code,[6] was scheduled, and subsequently re-scheduled. Despite these two scheduling attempts, that hearing never occurred.[7] *Id.* Ex. A at 3–4.

On November 4, 2003, plaintiffs requested a "face-to-face" meeting.[8] No such meeting occurred, and on November 13, 2003, a "Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330" was issued to plaintiffs.[9] That notice reaffirmed and finalized the June, 2003, I.R.S. Notice of Intent to Levy. The notice further advised that within 30 days plaintiffs could file a petition for redetermination in the United States Tax Court. The Notice specified that the type of tax at issue was "Individual Income Tax," and that the amount of the levy was $3,567.30.

Plaintiffs did not petition the United States Tax Court for a redetermination. Instead, they filed the instant suit in the United States District Court for the Eastern District of Texas, Beaumont Division, on December 9, 2003. Plaintiffs contend that the I.R.S. "determination" of November 13, 2003 is invalid and should be set aside because there is no basis in law or fact for such a "determination." Specifically, plaintiffs allege there was no valid Collection Due Process hearing.[10]

---

ary 30, 2004, Judge Cobb transferred the case to United States District Judge Marcia A. Crone.

**2.**  *See* The United States' Mot. to Dismiss and Supp. Br. at 2. (Docket No. 8).

**3.**  *See* Compl. for Damages and Req. that this Ct. Set Aside an Invalid Collection Due Process "Determination" Lawlessly Issued Pursuant to 26 USC 6330 Ex. E–1. (Docket No. 1).

**4.**  *Id.,* Ex. B.

**5.**  *Id.,* Ex. C–2.

**6.**  Title 26, United States Code, Section 6330.

**7.**  *See* Compl. for Damages and Req. that this Ct. Set Aside an Invalid Collection Due Process "Determination" Lawlessly Issued Pursuant to 26 USC 6330 Ex. A at 3–4. (Docket No. 1).

**8.**  *Id.,* Ex. A at 4.

**9.**  *Id.,* Ex. A

**10.**  *See* Compl. for Damages and Req. that this Ct. Set Aside an Invalid Collection Due Process "Determination" Lawlessly Issued Pursuant to 26 USC 6330, at 6. (Docket No. 1).

### III. MOTION TO DISMISS

The United States moves to dismiss pursuant to Federal Rules of Civil Procedure, Rules 12(b)(1), (2) and (5), asserting lack of subject-matter jurisdiction and insufficiency of service of process. The motion contends that Congress has not granted to United States district courts jurisdiction for judicial review of I.R.S. determinations regarding income tax. Rather, exclusive jurisdiction over plaintiffs' suit properly lies in the United States Tax Court pursuant to 26 U.S.C. § 6330(d)(1). Further, defendant avers plaintiffs' service of process is defective because plaintiffs did not serve the Attorney General of the United States or the local United States attorney.

Plaintiffs have not responded to defendant's motion.

### IV. RELEVANT PRINCIPLES OF ANALYSIS

#### A. Subject–Matter Jurisdiction

■ The term, "subject-matter jurisdiction," pertains to the court's authority over the category of the claim in suit. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577, 119 S.Ct. 1563, 1566, 143 L.Ed.2d 760 (1999). Subject-matter jurisdiction must be established as a threshold matter, inflexibly and without exception. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998). Action, agreement or default of the parties cannot confer subject-matter jurisdiction. The burden of establishing federal jurisdiction rests on the party seeking to invoke it. *Stockman v. Federal Election Commission*, 138 F.3d 144, 151 (5th Cir.1998).

■ Under the American form of government, federal district courts are courts of limited jurisdiction. In most cases, there must be both constitutional and stat-

utory authority for a federal court to act. *Kokkonen . v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). When suit is brought against the United States, an additional threshold question arises, *viz.*, whether the action is barred by sovereign immunity.[11] See *F.D.I.C. v. Meyer*, 510 U.S. 471, 475, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994) ("Sovereign immunity is jurisdictional in nature."). Without a waiver of that immunity, there can be no jurisdiction over the claim in any court. *Id.* Moreover, when the United States consents to be sued, the terms of its waiver of sovereign immunity precisely define the extent of the court's jurisdiction. *United States v. Mottaz*, 476 U.S. 834, 841, 106 S.Ct. 2224, 90 L.Ed.2d 841 (1986).

#### B. Challenges Regarding Internal Revenue Taxes in Federal District Courts

■ Title 28, United States Code, Section 1346(a)(1) provides that United States district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of:

> Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected, or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws.

28 U.S.C. § 1346(a)(1). Despite its seeming breadth, courts view this provision, standing alone, as insufficient to waive sovereign immunity. *Beall v. United States*, 336 F.3d 419, 422 (5th Cir.2003) (citing

---

**11.** Sovereign immunity is a common law doctrine holding that a government in which independent and supreme authority is vested is immune from suit in its own courts without its consent. Black's Law Dictionary 753 (7th ed.1999). It is founded on the ancient principle that "the King can do no wrong." Black's Law Dictionary 1396 (6th ed.1990).

*Shanbaum v. United States,* 32 F.3d 180, 182 (5th Cir.1994)). However, when coupled with a claim brought under another section specifically authorizing suit, it constitutes the necessary waiver of immunity. *Id.* Therefore, Section 1346(a)(1) must be read in conjunction with other statutory provisions which impose additional requirements on taxpayers seeking judicial review in federal court. *Loofbourrow v. Comm'r of Internal Revenue Service,* 208 F.Supp.2d 698, 704–05 (S.D.Tex.2002) (citing *United States v. Williams,* 514 U.S. 527, 532–34 n. 7, 115 S.Ct. 1611, 131 L.Ed.2d 608 (1995); *United States v. Dalm,* 494 U.S. 596, 601, 110 S.Ct. 1361, 108 L.Ed.2d 548 (1990); *PALA, Inc. Employees Profit Sharing Plan & Trust Agreement v. United States,* 234 F.3d 873, 877 n. 8 (5th Cir.2000)). These additional requirements thus define the extent of the court's jurisdiction.

One such other statutory provision is Section 7422(a) of Title 26, United States Code. It provides:

> **No suit prior to filing claim for refund**—No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been *erroneously or illegally assessed or collected,* or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, *until a claim for refund or credit has been duly filed with the Secretary,* according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422(a) (italics added).[12] One court succinctly summarizes how sections 1346 and 7422(a) interrelate as follows:

"The United States has consented to be sued for taxes improperly assessed or collected [Section 1346] ... but only if the plaintiff complies with the jurisdictional requirements set forth in 26 U.S.C. § 7422."

*Brashear v. United States,* 138 F.Supp.2d 786, 789 (N.D.Tex.2001).

■■■ Another statute in conjunction with which Section 1346 must be read is Section 7421 of Title 26, United States Code. Known as the "Anti–Injunction Act," it provides:

> **§ 7421. Prohibition of suits to restrain assessment or collection**
>
> **(a) Tax.**[N]o suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

26 U.S.C. § 7421. The primary purpose of this section is to permit the United States to assess and collect taxes alleged to be due without judicial intervention. The Act insures that once a tax has been assessed, the taxpayer ordinarily has no power to prevent the I.R.S. from collecting it, the taxpayer's only recourse being to first pay the tax in full and sue for a refund. *Jones v. United States,* 889 F.2d 1448, 1449–50 (5th Cir.1989). Thus, federal district courts generally have no jurisdiction under Section 1346 until a taxpayer pays disputed taxes and files a claim for a refund. *Loofbourrow,* 208 F.Supp.2d at 705 (citing *Brown v. United States,* 890 F.2d 1329, 1346 (5th Cir.1989); *Smith v. Booth,* 823 F.2d 94, 97 (5th Cir.1987); *Thomas v. United States,* 755 F.2d 728, 729 (9th Cir. 1985)). Moreover, the Supreme Court holds explicitly that " § 1346(a)(1), correct-

---

12. The term "Secretary" means "the Secretary of the Treasury or his delegate." *See* 26 U.S.C. § 7701(11)(B).

ly construed, requires *full payment* of the assessment before an income tax refund suit can be maintained in a Federal District Court." *Flora v. United States,* 362 U.S. 145, 177, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960) (italics added). This requirement applies equally to suits challenging administrative income tax determinations and assessments. *See Loofbourrow,* (applying prepayment rule in suit challenging I.R.S. collection due process (CDP) hearing).

■ When all is taken into account, taxpayers may invoke subject-matter jurisdiction of federal district courts only by fulfilling two fundamental requirements. As stated succinctly by the Fifth Circuit, they must satisfy "the prerequisites for such jurisdiction, which include *filing an administrative claim for a refund,* pursuant to 26 U.S.C. § 7422, and *making full payment of all tax liability.*" *Humphreys v. United States,* 62 F.3d 667, 672 (5th Cir. 1995) (italics added); *see also Gustin v. United States, Internal Revenue Service,* 876 F.2d 485, 488 (5th Cir.1989) (failure to file a claim for a refund deprives the court of subject matter jurisdiction).

### C. Tax Court Appeals

When I.R.S. issues a final notice and determination of a tax deficiency, the affected taxpayer has a right to appeal to the United States Tax Court (Tax Court). *See* 26 U.S.C. § 6330(d). This option has one distinct advantage for taxpayers who believe the I.R.S. has assessed taxes improperly: *taxpayers do not have to pay the disputed tax before obtaining judicial review in Tax Court of the challenged I.R.S. determination.* Congress specifically declared that all levy proceedings

against taxpayers be suspended while Tax Court appeals are pending. *See* 26 U.S.C. § 6330(e)(1). Moreover, Congress explicitly excludes Tax Court appeals from the purview of The Anti–Injunction Act. *See* 26 U.S.C. § 7421(a).[13] Finally, the courts agree that appeals to Tax Court may be taken without paying the disputed tax. *See Flora,* 362 U.S. at 169, 80 S.Ct. 630. Thus, the official website of the Tax Court clearly and accurately informs the public that:

"Congress created the Tax Court to provide a judicial forum in which affected persons could dispute tax deficiencies determined by the Commissioner of Internal Revenue *prior to payment of the disputed amounts.* The jurisdiction of the Tax Court includes the authority to hear tax disputes concerning notices of deficiency, ... "

"About the [U.S. Tax] Court" *available at* http://www.ustaxcourt.gov/about.htm (italics added).[14]

### D. Failure To Respond To Motions

Local rules of court provide that if a party opposes a motion, the party is required to file a response, brief, and supporting documents within fifteen days after service of the motion. Loc. R. Civ. P. 7(d)-(e). When the non-moving party fails to oppose a motion in the manner set forth in the local rules, the court may and should assume that the party has no opposition. *Guilbeaux v. 3927 Foundation, Inc.,* 177 F.R.D. 387, 389 (E.D.Tex.1998)(Schell, C.J.).

### V. ANALYSIS

■ Plaintiffs have had over three months to respond to defendant's motion,

---

**13.** Section 7421(a) prohibits suits to restrain assessment or collection of tax "[e]xcept as provided in sections 6015 ... etc." Section 6015(e) refers to petitions for review in the United States Tax Court. *See* 26 U.S.C. § 6015(e).

**14.** By necessary implication, taxpayers seeking judicial review in the Tax Court also are excused from complying with 26 U.S.C. § 7422(a), which requires a formal administrative claim for refund before instituting suit in other federal courts.

but have failed to do so. Plaintiffs' *pro se* status does not excuse them from complying with federal statutes, rules of civil procedure, or local rules of court. *See Hassell v. United States*, 203 F.R.D. 241, 245 (N.D.Tex.1999). Therefore, under local rules of court and *Guilbeaux v. 3927 Foundation, Inc.*, the court should assume that plaintiffs do not oppose the motion, and may grant the motion as unopposed.

The court must, however, construe *pro se* pleadings liberally. *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 164, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984); *Douglass v. United Services Auto Ass'n*, 65 F.3d 452, 455 (5th Cir.1995). In light of that requirement, and in order to proceed cautiously, this section will examine alternatively the merits of defendant's motion to dismiss.

### A. Failure to Satisfy Jurisdictional Requirements

■ The court must reject defendant's argument that only the Tax Court has jurisdiction over suits challenging internal revenue taxes. As previous sections disclose, plaintiffs here had at least three options. They could proceed in Tax Court without prepaying the disputed amounts. Alternatively, they could proceed in either federal district court or the United States Court of Federal Claims, provided that they first satisfied jurisdictional requirements. Those prerequisites, found in Sections 7421(a) and 7422(a) quoted above, are (1) filing a claim for refund with the Secretary of the Treasury (or delegate) and (2) paying in full disputed taxes and penalties prior to suit.

Here, plaintiffs did not elect to appeal in Tax Court. They neither allege nor otherwise show that they filed an administrative claim for a refund and paid the disputed taxes and penalties in full before bringing suit. Absent compliance with these two requirements before instituting suit, this district court lacks subject-matter jurisdiction. Therefore, this suit must be dismissed.[15]

### B. Alleged Defective Service of Process

Since this action must be dismissed for lack of jurisdiction, the defendant's alternative ground for dismissal, insufficiency of service of process, is moot.

### VI. RECOMMENDATION

Defendant's motion to dismiss should be granted.

### VII. OBJECTIONS

Objections must be: (1) specific, (2) in writing, and (3) served and filed within ten days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R.Civ.P. 1(a), 6(b), and 72(b).

A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir.1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir.1996) (en banc).

---

**15.** Dismissal does not necessarily prejudice plaintiffs' ability to obtain judicial review of the I.R.S. deficiency determination. Title 26 U.S.C. § 6330(d)(1) provides:

If a court determines that the appeal was to an incorrect court, a person shall have 30 days after the court determination to file such appeal with the correct court.
26 U.S.C. § 6330(d)(1).