Duane **LORENZEN** and Robin Lorenzen, Plaintiffs,

v.

**UNITED STATES of America, Defendant.**

No. 05–CV–164–ABJ.

United States District Court, D. Wyoming.

Feb. 8, 2006.

Duane Lorenzen, Gillette, WY, pro se.

Robin Lorenzen, Gillette, WY, pro se.

Carol A. Statkus, U.S. Attorney's Office, Cheyenne, WY, Chad D. Nardiello, U.S. Department of Justice, Washington, DC, for Defendant.

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

ALAN B. JOHNSON, District Judge.

The above-entitled matter comes before the Court on Defendant United States of America's Motion to Dismiss. After careful consideration of the motions, briefs and governing authorities, and being otherwise fully advised in the premises, the Court **FINDS** and **ORDERS** as follows:

### Factual and Procedural Background

While the merits of this case sound in tax, administrative and constitutional law, the present motion is procedural in nature: it strikes at the Court's jurisdiction. Plaintiffs Duane and Robin Lorenzen are Wyoming residents, domicilliaries of Gillette, Wyoming. The Lorenzens share the sentiments of many honorable citizens throughout this country; their dissimilarity from most of their co-citizens, however, manifested in actions that extended beyond benign bickering and bordered on the illegal. Federal taxes were their target evil, the Internal Revenue Service their tangible antagonist.

■ In March of 2004, the Internal Revenue Service (IRS) notified the Lorenzens of its intent to levy to collect income tax return penalties assessed against the Lorenzens for their 1999, 2000, and 2001 tax years. Shortly thereafter, documents served on the Lorenzens carried out this intent, pursuant to the provisional remedies provided by Title 26 of the United States Code. *See* 26 U.S.C. § 6702(a)(2) (noting that an individual who files a tax return "which is frivolous ... shall pay a penalty of $500").[1] The penalty assessed was $1,500 (excluding statutory inter-

---

1. The Lorenzen's first argument, restated numerous times throughout this litigation, was that the IRS's § 6702 penalties "were 'asserted' rather than 'assessed' as specified at U.S.C. § 6671(a)." *E.g., Plaintiffs' Complaint,* at 1, ¶ 4. The Court finds this argument of no moment. Title 26, Section § 6671 of the United States Code imparts rules and definitions to guide the remaining provisions of its subchapter, not to restrict the semantics used by the IRS when collecting tax penalties and liabilities. Specifically, § 6671(a) explains that the penalties and liabilities provided by sub-chapter B of chapter 68 "shall be paid upon notice and demand by the Secretary, and shall be assessed and collected in the same manner as taxes." 26 U.S.C. § 6671(a). Congress, in adopting these provisions, has made its purposes clear: it is the actions of the *individual taxpayer* that are policed, not the grammar of the Secretary or IRS agents when requesting certain payments or otherwise policing, informing, or notifying the taxpayer.

The Lorenzen's "signature" argument is likewise inconsequential under the present circumstances.

est), submitted under IRS form 13130. The Lorenzens disagreed with the penalty, and refused to satisfy it.[2] Indeed, a reply letter was mailed and a money payment made, but the payment was for postage to the IRS Office of Appeals in New York, and the letter a request for a "Collection Due Process Hearing" pursuant to IRS form 12153.[3] The Lorenzens meant business.

Such a hearing was granted, and would be heard by IRS Appeals Officer Joan P. Azim. In a follow up letter concerning this hearing, Officer Azim notified the Lorenzens that at the hearing, they could "present facts, arguments, and legal authority to support [their] position." *IRS Collection Due Process Letter* (July 13, 2004). Officer Azim explained that statements of facts presented at the hearing could be prepared as affidavits or signed under the penalty of perjury. *Id.* She also reminded the Lorenzens of their ability to be represented by counsel, by certified public accountant, or a person enrolled to practice before the IRS. *Id.* Contact numbers and forms were also provided for any questions the Lorenzen's had. *Id.* The Lorenzens "look[ed] forward to getting the matter resolved," but sought to do so on their own terms. *Plaintiffs' Acknowledgment Letter* (July 23, 2004). They would attend no hearing, but rather, would make their case "*through correspondence only* rather than by telephone" or in person, "in order to have a complete record of [IRS's] questions and [their] answers." *Id.* Unfortunately for the Lorenzens, the uniform hearing procedures established by the IRS (and codified in Title 26 of the United States Code) did not provide

for the custom fit process they had expected. *See generally* 29 U.S.C. § 6330(b)-(c) (noting that all hearings "shall be held by the *Internal Revenue Service Office of Appeals*," and contemplating an oral or telephonic hearing where arguments would be "raised" before the presiding IRS Appeals Officer). Nevertheless, the IRS accommodated the Lorenzens' requests, accepting all written submissions sent from Gillette.[4]

On February 18, 2005, the Lorenzens received a Notice of Determination sustaining the IRS collection action. *IRS Notice of Determination Letter 3193*, at 2 (Feb. 18, 2005). The IRS explained that the arguments submitted by the Lorenzens were nonresponsive and groundless—to wit, they were expressions of generalized grievances on "moral, religious, political, constitutional, conscientious or similar grounds" upon which internal appeals would provide no remedy. *Id.* (Attachment A), at 3. However, accompanying this cloud of bad news was a silver lining: the IRS Appeals Office apprised the Lorenzens of their right to appeal this Determination by filing a petition in the United States Tax Court within thirty days. *Id.* at 1. Furthermore, the Appeals Office explained that should the Tax Court determine it lacked jurisdiction, the Lorenzens would have thirty days from the date of *that* decision within which to file with the proper federal court. *Id.*

On March 10, 2005, the Lorenzens timely filed a petition for judicial review with the United States Tax Court. On May 9, 2005, that court granted, without objection by Petitioners Duane and Robin Lorenzen, the Re-

---

**2.** The record in this case contains little information about the nature of the Lorenzens' frivolous tax returns or the basis for their refusal to comply with the IRS's § 6702 penalties. What appears to have driven the Lorenzen's decisions are serious "moral, religious, political, constitutional, [and] conscientious" objections. *IRS Notice of Determination Letter 3193* (Attachment A), at 3 (Feb. 18, 2005).

**3.** This request was made pursuant to notice provided by the IRS under the guidelines of 26 U.S.C. § 6330. In 1998, Congress enacted § 6330 as part of the IRS Restructuring and Reform Act of 1998, Pub.L. No. 105–206. This statute provides that prior to the issuance of an administrative tax levy, the IRS must provide the

taxpayer with notice of an opportunity for a Collection Due Process (CDP) hearing before the IRS Office of Appeals. 26 U.S.C. § 6330(a), (b). A taxpayer must request a hearing within thirty days of the date notice of a right to a hearing is provided. *See* 26 U.S.C. § 6330(a)(2), (a)(3)(B).

The Lorenzens do not argue, and the Court does not find, that inadequate notice of a CDP hearing opportunity was provided. Additionally, the Defendant does not argue that the Lorenzens failed to comply with the terms of this initial hearing request.

**4.** In fact, the only hearing declination by the IRS was the Appeals Officer's refusal to complete and sign a so-called "Public Servant's Questionnaire" at the Lorenzens' request.

spondent's Motion to Dismiss for want of jurisdiction. *Lorenzen v. Commissioner*, —— T.C. ——, No. 5181–05S (May 9, 2005). Accompanying this ruling was a reminder that 26 U.S.C. § 6330(d)(1) provided a thirty-day appeal period with the proper federal district court—in this case, the United States District Court for the District of Wyoming. *Id.*

Thirty-*one* days later, on June 9, 2005, Duane and Robin Lorenzen filed a "Complaint for Nullification of Civil Tax Penalties" in this Court. One copy of this Complaint was served on the IRS office in Sheridan, Wyoming, but no copies or summons were served on the United States Attorney for the District of Wyoming or the United States Attorney General (Mr. Alberto Gonzalez) in Washington, D.C., as required by Federal Rule of Civil Procedure 4(i)(1). Citing untimely filing and inadequate service, Defendant United States of America ("Defendant") has moved to dismiss the Lorenzens' cause of action, arguing that this Court lacks both subject matter and personal jurisdiction to hear it.

### Standard of Review

▇▇▇ Judgments rendered by a court lacking jurisdiction are void. Because federal courts have limited jurisdiction, the party invoking federal jurisdiction has the burden of proving at all times, by a preponderance of the evidence, that jurisdiction exists. *Robinson v. Union Pacific Railroad*, 245 F.3d 1188, 1191 (10th Cir.2001).

### I. Treatment of *Pro Se* Pleadings

▇▇▇ The Court must liberally construe the pleadings of *pro se* plaintiffs such as Duane and Robin Lorenzen. *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). But liberality of interpretation must never become advocacy of position—the Court cannot act as counsel for the Plaintiffs. Like all other parties who come before this Court, the Lorenzens must comply with the fundamental requirements of the Federal Rules of Civil Procedure. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 841 (10th Cir.2005).

---

**5.** This conclusion stems from the Court's finding that resolution of the jurisdictional question, ultimately, is *not* intertwined with the merits of this case. *See Davis ex rel. Davis*, 343 F.3d at 1295.

### II. Fed.R.Civ.P. 12(b)(1)

▇▇▇ Subject matter jurisdiction delineates the class of cases that a court "is competent to adjudicate." *Scarborough v. Principi*, 541 U.S. 401, 414, 124 S.Ct. 1856, 158 L.Ed.2d 674 (2004). It involves a court's *power*, not merely its right, to hear a case, and as such, can be neither forfeited nor waived. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 89, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998). Defective subject matter jurisdiction requires judicial correction "regardless of whether the error was raised [before the] district court." *United States v. Cotton*, 535 U.S. 625, 630, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002). Judicial correction requires dismissal.

▇▇▇ A motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R.Civ.P. 12(b)(1) may take two forms. When a defendant makes a *facial* attack on the complaint's allegations, the sufficiency of the complaint itself has been challenged. In such a case, the district court will accept the plaintiff's allegations as true. *Cal. Cas. & Fire Ins. Co. v. Brinkman*, 50 F.Supp.2d 1157, 1161 (D.Wyo.1999). If, however, the defendant goes beyond the allegations contained in the complaint to make a *factual* attack—i.e., challenges the facts upon which subject matter jurisdiction depends—the above-mentioned presumption disappears. *Id.* In such an instance, the district court may exercise wide discretion in considering other documents—i.e., affidavits and other evidence outside the pleadings—to resolve the jurisdictional question. *Id.* The Defendant's attack in the present matter is *factual*, not facial. As such, the Court may consider documents beyond the pleadings to resolve disputed jurisdictional facts, and may do so without converting the present motion into a 12(b)(6) motion or one for summary adjudication under Rule 56. *Davis ex rel. Davis v. United States*, 343 F.3d 1282, 1295 (10th Cir.2003).[5]

### III. Fed.R.Civ.P. 12(b)(2), (5)

▇▇▇ " 'Jurisdiction to resolve cases on the merits requires both authority over the

---

The substantive issue in this case, indeed the subject of the Plaintiffs' prayer for relief, is whether the Plaintiffs are liable for the civil tax penalties assessed under 26 U.S.C. § 6702(a)(2).

category of claim in suit (subject-matter jurisdiction) and authority over the parties (personal jurisdiction), so that the court's decision will bind them.'" *Gadlin v. Sybron Int'l Corp.*, 222 F.3d 797, 799 (10th Cir.2000) (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577, 119 S.Ct. 1563, 143 L.Ed.2d 760 (1999)). A federal court lacks *in personam* jurisdiction over a party defendant if service on that defendant was nonexistent or insufficient. *Oltremari v. Kansas Social & Rehab. Serv.*, 871 F.Supp. 1331, 1348 (D.Kan.1994); *cf. Mississippi Publ'g Corp. v. Murphree*, 326 U.S. 438, 444–45, 66 S.Ct. 242, 90 L.Ed. 185 (1946). When such a defendant, prior to trial, moves to dismiss for insufficient service of process, the plaintiff must make a *prima facie* showing that service satisfied the statutory requirements and the constitutional requirement of due process. *See generally Taylor v. Phelan*, 912 F.2d 429, 431 (10th Cir.1990), *cert. denied*, 498 U.S. 1068, 111 S.Ct. 786, 112 L.Ed.2d 849 (1991); *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104, 108 S.Ct. 404, 98 L.Ed.2d 415 (1987). If this showing is not met, the court may dismiss the action without prejudice.

### Analysis

### I. Federal Sovereign Immunity and 26 U.S.C. § 6330(d)

 The defendant in this case is the United States of America. The United States *qua* sovereign "is immune from suit save as it consents to be sued." *United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 85 L.Ed. 1058 (1941). Consent is achieved only to the extent that the United States has waived sovereign immunity by enacting a statute consenting to suit. *Id.*

 Sovereign immunity, by its very nature, is jurisdictional. *FDIC v. Meyer*, 510 U.S. 471, 475, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994). The absence of the sovereign's consent constitutes a jurisdictional defect—the case is dead. "A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text." *Lane v. Pena*, 518 U.S. 187, 192, 116 S.Ct. 2092, 135 L.Ed.2d 486 (1996). It will not be implied. *Id.* Moreover, such a waiver "will be strictly construed, in terms of its scope, in favor of the sovereign." *Id.; see also Villescas v. Abraham*, 311 F.3d 1253, 1257 (10th Cir.2002). In the present case, "[t]he burden is on the taxpayer[s] to find and prove an 'explicit waiver of sovereign immunity.'" *Fostvedt v. United States*, 978 F.2d 1201, 1203 (10th Cir.1992) (quoting *Lonsdale v. United States*, 919 F.2d 1440, 1444 (10th Cir.1990)).

 In an attempt to do so, the Lorenzens base subject matter jurisdiction on 28 U.S.C. § 1346.[6] As a matter of law, this will not do. Sovereign immunity is not waived by a statute of general jurisdiction. *Wyoming*

---

This preliminary determination does not require the Court to delve into the substantive, nonjurisdictional provisions of the Internal Revenue Code as codified in Title 26 of the United States Code. Put differently, determining whether § 6330(d)(1)'s filing deadlines were adhered to or proper service effectuated pursuant to Fed. R.Civ.P. 4 bears no relationship to whether the IRS validly assessed § 6702 penalties against the Plaintiffs. *Cf. Gonzalez v. United States*, 284 F.3d 281, 287 (1st Cir.2002) (holding that determination of timely filing of complaint under FTCA was *independent of the merits of plaintiff's* FTCA claim).

For purposes of clarity, the Court notes that documents and exhibits attached to *both* parties' motions and accompanying briefs were submitted and considered by the Court for the very purpose of determining the Court's subject matter jurisdiction.

And finally, even if the Court were to treat Defendant's motion as one of the 12(b)(6) or 56(c) variety, it would likely reach the same conclusion.

6. Technically, the Lorenzens argue that jurisdiction exists under 28 U.S.C. § 1346(b)(1), the jurisdictional provision of the Federal Tort Claims Act. *See* 28 U.S.C. §§ 1346(b)(1), 2671–80 (providing for federal jurisdiction and liability "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred"). This provision has no application to the present matter. Nevertheless, interpreting the Lorenzens' position liberally, the Court fashions this argument as alleging the general jurisdictional provisions of § 1340 or § 1346(a)(1), not § 1346(b)(1). For the reasons stated above, however, the Court's liberal construction will be unavailing.

*v. United States,* 279 F.3d 1214, 1225 (10th Cir.2002); *see Shanbaum v. United States,* 32 F.3d 180, 182 (5th Cir.1994) ("Section 1346 is a general jurisdiction statute that does not constitute a separate waiver of sovereign immunity."); *Perkins v. United States,* 314 F.Supp.2d 664, 667 (E.D.Tex.2004) ("Despite its seeming breadth, courts view [§ 1346(a)(1) ], standing alone, as insufficient to waive sovereign immunity."); *see also Guthrie v. Sawyer,* 970 F.2d 733, 735 (10th Cir.1992) (noting that 28 U.S.C. § 1340 "does not constitute a waiver of sovereign immunity"). Rather, the Lorenzens must meet the requirements of 26 U.S.C. § 6330(d), which constitutes a limited waiver of federal government immunity, in order to satisfy their burden of proving that a valid wavier exists. A timely-filed complaint will do so. *See Ulloa v. United States,* 2005 WL 2739105, *2 (N.D.N.Y. Oct.24, 2005) (" 'When a statutory waiver of immunity exists, a plaintiff must strictly comply with the conditions to suit outlined by the statute or corresponding regulation.' ") (quoting *Weisman v. Commissioner of IRS,* 103 F.Supp.2d 621, 626 (E.D.N.Y.2000)).

That simple requirement, according to the Defendant, disposes of this case. Specifically, the Defendant seeks dismissal on the basis that this Court lacks subject matter jurisdiction because the Lorenzens failed to file their complaint within the thirty-day period prescribed by 26 U.S.C. § 6330(d)(1). That provision provides, in relevant part:

(d)(1) the [taxpayer] may, within 30 days of a[CDP] determination under this section, appeal [an IRS Appeals Office] determination—

(A) to the Tax Court (and the Tax Court shall have jurisdiction to hear such matter); or

(B) if the Tax Court does not have jurisdiction of the underlying tax liability, to a district court of the United States.

If a court determines that the appeal was to an incorrect court, a person *shall have 30 days after the court determination to file such an appeal with the correct court.* 26 U.S.C. § 6330(d)(1)(A), (B) (emphasis added)

■ The United States Tax Court views the thirty-day period prescribed in § 6330(d)(1) as jurisdictional. *E.g., Sarrell v. Commissioner,* 117 T.C. 122, 125, 2001 WL 1136154 (2001) (having no subject matter jurisdiction over case in which petition was filed seven days after thirty day deadline). This Court does the same.

■ In its May 9, 2005 Order dismissing the Lorenzens' petition, the Tax Court explicitly reminded the Lorenzens of these time strictures. *See Lorenzen,* —— T.C. at ——, No. 5181–05S ("Petitioner is reminded of the applicability of section 6330(d)(1) ... which provides a 30–day period for filing an appeal with the correct Federal District Court."). The Lorenzens filed a request for judicial review under this provision, but did so thirty-*one* days after the Tax Court's ruling and admonition that such be done in *thirty* days. *See Plaintiffs' Complaint,* at 1 (noting June 9, 2005, 10:30 a.m. filing). Again, the Lorenzens' are entitled to bring suit only in accordance with the terms and conditions that the law imposes in order to invoke this Court's jurisdiction. A literal application of § 6330(d)(1) bars the Lorenzens' Complaint, fails to waive the sovereign immunity of the United States, and deprives this Court of subject matter jurisdiction. The Lorenzens provide no justification for their defective filing, and the Court is unable to assist in this effort.[7]

---

7. The Lorenzens' make much of the fact that the United States Postal Service, for a seemingly inexplicable reason, failed to deliver the Lorenzens' June 7 Complaint to the Ewing T. Kerr United States Courthouse in Casper, Wyoming, until June 9. *See Plaintiffs' Rebuttal,* at 1. This argument emerged in a sur-response to the Defendant's reply brief the likes of which is not typically allowed under the local rules for this federal district. *See* U.S.D.C.L.R. 7.1(b)(2). Nevertheless, construing this limitation leniently and earnestly hunting for possible filing exceptions, the Court does note the existence of a timely filing exception within Title 26. *See* 26 U.S.C. § 7502. Unfortunately for the Lorenzens, however, this exception "shall not apply with respect to ... the filing of a document in, or the making of a payment to, any court *other* than the Tax Court." *Id.* § 7502(d)(1) (emphasis added). Once again, the Court's liberality of interpretation is to no avail.

## II. Sufficiency of Service of Process

■ A principle distinct from sovereign immunity or subject matter jurisdiction is that of jurisdiction over the person, namely, the defendant and representatives thereof. *In personam* jurisdiction represents a limitation of judicial power as a matter of individual liberty, not via sovereignty or the terms of Article III. *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982). This limitation flows from Due Process Clause, embodied in, *inter alia*, certain provisions of the Federal Rules of Civil Procedure.

"Personal service under [Fed.R.Civ.P.] 4 serves two purposes: notifying a defendant of the commencement of an action against him and providing a ritual that marks the court's assertion of jurisdiction over the lawsuit. Rule 4 service of process provides the mechanism by which a court having venue and jurisdiction over the subject matter of an action asserts jurisdiction over the person of the party served." *Oklahoma Radio Assocs. v. FDIC*, 969 F.2d 940, 943 (10th Cir.1992).

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied. '[S]ervice of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served.'" *Omni Capital Int'l*, 484 U.S. at 104, 108 S.Ct. 404 (quoting *Murphree*, 326 U.S. at 444–45, 66 S.Ct. 242) (alteration added by *Omni* Court). To effect service upon the United States or agencies thereof, a plaintiff must serve a copy of the summons and complaint upon the Attorney General of the United States and the local United States Attorney within 120 days after filing of the complaint. Fed.R.Civ.P. 4(i), (m). The parties agree that these persons were never served, as required by federal law.[8] Equally undisputed is the fact that no party defendant executed and returned a waiver of service. As a result, the Defendant contends that because more than 120 days have elapsed since the Lorenzens commenced the present action, the Court should exercise its discretion under Rule 4(m) and dismiss this case. The Lorenzens "acknowledge their error ... and ... pray the Court's leniency." *Plaintiffs' Response*, at 2–3.

If this case had been brought prior to 1993, the Lorenzens "prayer" would have undoubtedly went unanswered. However, the 1993 Amendments to Rule 4 "substantially changed the scope of discretion to be exercised by district courts under this rule." *Espinoza v. United States*, 52 F.3d 838, 840 (10th Cir.1995).[9] Before these amendments, former Rule 4(j) allowed the district court to extend the time for service of the summons and complaint only upon a *plaintiff's showing* of "good cause;" it was otherwise directed to dismiss the case. *See* Fed.R.Civ.P. 4(j) (1987); *Despain v. Salt Lake Area Metro Gang Unit*, 13 F.3d 1436, 1438 (10th Cir. 1994) ("The 'good cause' provision of Rule 4(j) should be read narrowly to protect only those plaintiffs who have been meticulous in their efforts to comply with the Rule.") (internal citations omitted).

■ The plain import of current Rule 4(m) states otherwise. In a clear departure from former Rule 4(j), Rule 4(m) allows the district court "to extend the time for service *even when the plaintiff has not shown good cause.*" *Espinoza*, 52 F.3d at 841 (emphasis added); *see also* Fed.R.Civ.P. 4(m) (Advisory Committee's Notes) (1993) ("The new subdivision explicitly ... authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision *even if there is no good cause shown.*") (emphasis added). This exception applies to the Lorenzens current predicament, for they freely admit the lack of good cause excusing their failure to adhere to the terms of Rule 4(m). *See*

---

8. Indeed, the record is clear that summons was served only upon Mr. Jace Bruce, an IRS Officer stationed in Sheridan, Wyoming. This service was effectuated on October 7, 2005, the 120th day from the filing date of the Complaint.

9. As a technical matter, pursuant to these amendments, Rule 4(j) was amended and recodified at 4(m). Rule 4(m) retains much of the same language as former Rule 4(j), but key distinctions exist.

*Plaintiffs' Response,* at 2–3.[10] Accordingly, despite the Lorenzens' failure to show good cause, this Court "must still consider whether a permissive extension of time may be warranted [and] may in its discretion either dismiss the case without prejudice or extend the time for service." *Espinoza,* 52 F.3d at 841.

In the present matter, the Court—thoroughly taxed for a reason to overlook the Lorenzens' Rule 4(i) failure—exercises its discretion to disallow a permissive extension of time. The Lorenzens were given 120 days to complete service, did not ask the Court for an extension of such time, and failed to serve all party defendants as required by Rule 4(i). As of today, over 240 days have elapsed from the date in which the Lorenzens' Complaint was filed. Despite having been made aware of their failure, there appears to have been no effort on the part of the Lorenzens to effect service on the United States Attorney's Office in Cheyenne, Casper or Lander, and no attempt to serve the Attorney General of the United States. Indeed, no effort has been made to explain this failure—the Lorenzens simply ask this Court to excuse them from the requirements of federal law. *DiCesare v. Stuart,* 12 F.3d 973, 980 (10th Cir.1993) ("A *pro se* litigant is still obligated to follow the requirements of Fed.R.Civ.P. 4."). This the Court will not do.

Therefore, and for the foregoing reasons, it is hereby

**ORDERED** that Defendant United States of America's Motion to Dismiss shall be, and now is, **GRANTED**. All claims against the Defendant are dismissed without prejudice.

---

**10.** Although Rule 4(m) does not define good cause, the Tenth Circuit "has interpreted the phrase narrowly, rejecting inadvertence or neglect as 'good cause' for untimely service." *In re Kirkland,* 86 F.3d 172, 174 (10th Cir.1996). Such a debate is largely academic in the present matter, however, for it is beyond cavil that no such cause exists.